## TRANSPORTATION LINE *v.* COOPER.

A canal-boat laden with coal for transportation, having on board the master, with his family, is not a " barge carrying passengers," within the meaning of sect. 4492 of the Revised Statutes, which requires that such a barge, while in tow of a steamer, shall be provided with "fire-buckets, axes, life-preservers, and yawls."

ERROR to the Supreme Court of the State of New York.

This suit was brought under the provisions of the statute of New York, in the Supreme Court of that State, by Hobart Cooper, as administrator of his wife, to recover damages for her death, caused by a collision in the port of New York,

between a schooner, which was in tow of the tug " J. N. Parker," and a canal-boat loaded with coal, whereof he was master, having on board his wife and children, and which with other boats was in tow of the steam-tug " U. S. Grant." The Eastern Transportation Line owning one tug, and J. J. Austin the other, were the defendants. Cooper, in the court below, had a judgment against them. The Eastern Transportation Line alone appealed to the general term. The judgment was affirmed there, and subsequently on appeal by the Court of Appeals. This writ of error was then sued out.

One of the errors assigned is that the court charged the jury that " there is no law requiring that a canal-boat which is not used for the purpose of transporting passengers should be provided with life-preservers or life-boats, or any paraphernalia of that kind." The other errors are grounded upon exceptions to the charge, which relate to questions not arising under any act of Congress.

The defendant in error moved to dismiss the writ for want of jurisdiction, and united therewith, under the amended sixth rule, a motion to affirm the judgment below.

*Mr. William Stanley* in support of the motion.
*Mr. R. D. Benedict,* contra.

MR. CHIEF JUSTICE WAITE announced the judgment of the court.

The only Federal question presented in this case is one upon which we are not inclined to hear an argument. A canal-boat laden with coal for transportation, having on board the wife and children of the captain, is not " a barge carrying passengers," within the meaning of sect. 4492, Rev. Stat., which requires such a barge, while in tow of a steamer, to be provided with " fire-buckets, axes, life-preservers, and yawls." The motion to dismiss is denied, but that to affirm is granted.

*Judgment affirmed.*