## GINN v. W. C. CLARK COAL CO.

1. ACCORD AND SATISFACTION—PART PAYMENT—SUFFICIENCY.

After defendant had received and accepted a part of certain coal which it had bought of plaintiff on contract, and refused to receive the balance, plaintiff wrote demanding payment for all the coal then shipped, inclosing an itemized statement of said shipments, including several rejected cars. Defendant struck from the statement the items representing the rejected cars, and returned it, together with its check for the balance, and a letter stating that the remittance was in full satisfaction of the account to date. *Held*, that plaintiff, by using the check, did not assent to an accord and satisfaction, as he had a right to understand that defendant, by striking the items from the statement, intended to withdraw them from the account which the check was intended to pay.

2. SALES—REJECTION OF GOODS—GROUNDS OF REJECTION—ASSERTION OF OTHER GROUNDS.

Where a buyer of coal refuses to receive it, on the ground that it is not the variety he purchased, he cannot thereafter assert that he was justified in rejecting it because not of a merchantable quality.

3. SAME—RESALE BY SELLER.

Where a buyer of coal refuses to receive it at his place of business, the seller has a right to resell in that market for the best price obtainable, and is not bound to carry it back to the place of shipment, though the price is greater there.

4. SAME.

In an action by the seller of coal against the buyer, who had refused to accept a shipment, a telegram from the seller to his agent, authorizing a resale at a certain price, has no tendency to prove that the coal was of an inferior quality.

5. SAVING QUESTIONS FOR REVIEW — MOTION FOR NEW TRIAL — NECESSITY OF EXCEPTIONS.

Where no exceptions are taken to a denial of a motion for a new trial, it is not reviewable on appeal.

ON MOTION FOR REHEARING.

SALES—REJECTION OF GOODS—DAMAGES—EVIDENCE.

In an action by the seller for breach of a contract for the sale of

certain coal, evidence that the coal shipped to and rejected by the buyer was not of a merchantable quality, is not admissible to reduce damages, either as to the coal which was not shipped, or as to the coal rejected, the only claim made at the time of the rejection being that the coal was not of the variety ordered.

Error to Wayne; Rohnert, J. Submitted June 16, 1905. (Docket No. 23.) Decided March 5, 1906. Rehearing denied June 4, 1906.

Assumpsit by Charles S. Ginn and Frederick J. Ginn, copartners as the Ginn Coal & Stone Company, against the W. C. Clark Coal Company for breach of a contract for the purchase of certain coal. There was judgment for plaintiffs, and defendant brings error. Affirmed.

*Wilkinson, Post & Oxtoby* ( *Gillett & Clark*, of counsel ), for appellant.

*Frederic T. Harward*, for appellees.

CARPENTER, C. J. Plaintiffs and defendant entered into a written contract whereby the former agreed to sell, and the latter to buy, 60 cars of coal—described in the contract as Pine Grove coal—to be delivered two cars each day, commencing October 15, 1902. Defendant received 19 of these cars, and refused to receive other cars, upon the ground that the coal shipped was not Pine Grove coal. After some negotiations, which will be hereinafter stated with more detail, defendant paid for the coal received, and refused to pay damages for that which it refused to receive. Plaintiffs brought this suit and recovered damages in the court below.

Defendant contends that the trial court erred in charging the jury that there was no evidence from which the jury could find that by an agreement between the parties defendant had satisfied plaintiffs' claim. The evidence from which defendant claims the inference of accord and satisfaction should be drawn may be briefly stated as fol-

lows: After defendant had received part of the coal, and had refused to receive the balance, plaintiffs wrote demanding payment for all the coal then shipped, inclosing an itemized account of said shipments. To this letter defendant replied that the coal received by it did not correspond with the contract, but offered to pay for said coal if plaintiffs would accept the same in full satisfaction of their claim. Plaintiffs at once replied:

" A check of your account shows that $1,418.69 is the correct amount due from you on the cars which you have accepted. We demand that you remit us immediately that amount in settlement for those cars."

Defendant thereupon sent plaintiffs a check for $1,418.69 and the following letter:

" Inclosed herewith we hand you our check for $1,418.69, being in full satisfaction of your account to date."

The letter also inclosed a voucher prepared by defendant to be signed by plaintiffs which indicated that the money paid in full the account shown in the "attached statement.". The "attached statement" was the itemized account above mentioned (which plaintiffs had transmitted to defendant) with a line drawn through each of the items for shipments which defendant had refused to receive. Plaintiffs at once and without protest accepted and used this check. We think the trial court correctly charged that this evidence did not warrant a finding of accord and satisfaction. Plaintiffs had a right to understand that defendant, by drawing lines through the items for shipment not received, intended to withdraw them from the account which the check was intended to pay.

Defendant complains because the trial court excluded certain testimony offered by it for the purpose of proving that the coal rejected was not of a merchantable quality. The trial court had a right to understand that defendant sought to introduce this testimony, not for the purpose of reducing damages, but solely for the purpose of justifying its rejection of the coal. As this court reviews upon writs

of error only questions raised in the trial court, the question for our determination is: Was this testimony admissible to justify the rejection of the coal? Defendant, after having a full opportunity to examine the coal, notified plaintiffs that they rejected the same for a certain specific ground, viz., the coal was not Pine Grove coal. Plaintiffs had a right to act upon the assumption that this was the only ground upon which defendant relied, and it would be unjust to permit defendant to rely upon other grounds on the trial of this case. This precise question was determined in *Littlejohn* v. *Shaw*, 159 N. Y. 188. There defendant rejected 25 tons of No. 1 cube gambier, which it had agreed to purchase from plaintiff, "for two reasons, first, because they are not good merchantable quality and again because they are not in good merchantable condition." Upon a suit brought to recover damages it was insisted that it was incumbent upon plaintiff "to prove that all the terms of the contract were fulfilled upon their part." This was denied by the court, who said that defendants, by "formally stating their objections, must be held to have waived all other objections."

Defendant offered in evidence a telegram sent by plaintiffs December 5, 1902, from Ironton, Ohio, to their agent at Detroit, who on that day resold the rejected coal. The telegram read:

"Lump selling here today at $2.75 mines. If $1.90 best can do, sell."

The trial court refused to permit this telegram to be introduced in evidence. We think this ruling correct. The telegram had no tendency to prove, as claimed by defendant, that the coal was sold for an excessively low price. The coal was sold at Detroit. The plaintiffs had a right to resell for the best price they could obtain there. They were not bound to carry the same to Ironton, and the market price at that place was wholly immaterial. It is equally clear that without other testimony—and there was no such testimony—the telegram would not, as de-

fendant claims, have warranted the inference that the coal sold was of an inferior quality.

Complaint is made because the trial court denied defendant's motion for a new trial. No exceptions were taken to this denial, and therefore it is not reviewable in this court. *Pearl* v. *Township of Benton*, 136 Mich. 697.

No other question raised in defendant's brief demands discussion.

Judgment affirmed, with costs.

GRANT, MONTGOMERY, OSTRANDER, and MOORE, JJ., concurred.

### ON MOTION FOR REHEARING.

PER CURIAM. In our former opinion in this case, ante, 84, we sustained the action of the trial court in excluding certain testimony offered by defendant tending to prove that the coal rejected was not of a merchantable quality. We then said that "defendant sought to introduce this testimony, not for the purpose of reducing damages, but solely for the purpose of justifying its rejection of the coal." It is made to appear to us upon a motion for a rehearing that this statement was erroneous, and that the excluded testimony was offered, not only to justify the rejection of the coal, but also to reduce the amount of plaintiffs' damages. It is our duty to correct this error, but it is not our duty to grant a rehearing, unless the excluded testimony was admissible for the purpose of reducing damages.

Plaintiffs were allowed to recover damages for coal which defendant rejected and for coal which was never shipped. For the coal which was never shipped the damages recovered by plaintiffs was the difference between the contract price and the market price. It is obvious that the excluded testimony was not admissible to lessen these damages. Was it admissible to lessen the damages for the coal rejected? Plaintiffs sold the rejected coal in Detroit, and were allowed as damages its contract price less the amount thus realized by its resale. We held

in our former opinion that defendant could not prove that the coal was not merchantable, because it made no such claim when the coal was rejected, and that plaintiffs had a right to act upon the assumption that by formally stating its objections defendant waived all other objections. It follows from this holding—the correctness of which we do not doubt—that plaintiffs had a right to make the resale upon the assumption that the coal was merchantable, and that defendant cannot now destroy that right by proof that this assumption was unfounded. The excluded testimony was not therefore admissible for the purpose of reducing the amount of plaintiffs' damages.

The motion for a rehearing is therefore denied. No costs will be given to either party.