PROVIDENCE JEWELRY CO. *v.* BAILEY.

1. SALES—ACCEPTANCE—FRAUD.
Testimony is admissible under a notice in defense of an action for the price of goods sold, admitting delivery and acceptance and charging that the contract was secured by fraud; it being possible that the fraud was discovered after acceptance.

2. SAME—CONTRACTS—FRAUD — STATEMENTS INTERPRETING WRITTEN INSTRUMENTS—EVIDENCE.
Representations of an agent who sells goods under a written contract, that the terms of the agreement give the purchaser fifteen days in which to accept the property, do not constitute such representations of existing material facts as to constitute an inducement on which reliance might be placed, and evidence of the statements is incompetent to vary the terms of the agreement.

3. SAME—PLEADING AND PRACTICE—WAIVING GENERAL ISSUE.
A plea and notice which admit the right of the plaintiff to recover except for alleged fraud in the procurement of a contract for the sale of goods, and which claim the right to open and close the case, and waive the benefit of the general issue, admit the delivery and acceptance of the goods.

4. SAME—ACCEPTANCE—EVIDENCE OF GROUNDS OF REFUSAL.
The statement in letters to the seller of the grounds on which the purchaser of goods relied in rejecting them is conclusive upon him, and constitutes a limitation of his defense to an action for the price.

Error to Van Buren; Des Voignes, J. Submitted October 15, 1909. (Docket No. 92.) Decided December 30, 1909.

Assumpsit by the Providence Jewelry Company against Ed. M. Bailey for goods sold and delivered. A judgment for plaintiff for less than the amount claimed is reviewed by it on writ of error. Reversed.

*Carl Benton* and *David Anderson,* for appellant.

*Thomas J. Cavanaugh,* for appellee.

BLAIR, C. J. This is an action on a written contract for the sale of certain cheap jewelry, to recover the purchase price. Plaintiff's declaration counted upon the contract, and in alleging performance thereof avers "that defendant duly received and accepted said goods." Defendant, with his plea of the general issue, gave notice:

"That pursuant to Circuit Court Rule 24 c, the defendant hereby waives the benefit of the general issue, and admits the facts alleged in the plaintiff's declaration—that is to say, he admits that, except for the facts set forth in this notice, the plaintiff would be entitled to recover upon the allegations set forth in the declaration herein—and waives the necessity of the introduction of the contract described in the declaration, with a computation of the amount due thereon, hereby relying upon the defense herein set forth, and this defendant claims the benefit of said rule in respect to the opening and closing in the taking of testimony and in the argument at the trial of said cause."

The defense set forth in the notice was, in brief, that defendant's signature to the contract was obtained by fraud, and it was therefore void and unenforceable.

The contract contained, among other provisions, the following:

"Terms of Payment—Six per cent. discount for cash in 15 days, or one-fourth of the amount due in 3 months, one-fourth in 6 months, one-fourth in 9 months, one-fourth in 12 months, without interest. The above terms of credit will only be allowed if acceptances to our order are given within 15 days from date of invoice. Otherwise terms are net cash 30 days. Same terms shall apply on all reorders for these goods."

At the beginning of the testimony plaintiff's counsel objected to the introduction of any testimony under defendant's notice, upon the ground that defendant, having admitted acceptance of the goods delivered as a fulfillment of the contract, could not attack its validity. This objection was overruled. Defendant was allowed, against plaintiff's objection and exception, to testify as to the con-

struction placed upon the portion of the contract, as to terms of payment above quoted by plaintiff's selling agent, that the contract gave him 15 days to examine the goods:

"I finally signed the contract with that understanding; that I was to have the goods and give me 15 days to look them over and then if they were satisfactory I could keep them, otherwise I could return them. When he showed me the contract, that particular feature of the contract protecting me, it read: 'Acceptances in fifteen days.' I says, 'This don't so state in your contract that I can accept the goods after fifteen days' examination.' He says: 'Yes, it does.' He picked it up. 'Well,' he says, 'It says "acceptances," but that is what it means; that is the expression; that is what that term means. It is put that way, but it means that you can have the goods in your care 15 days, and then if you want to keep them and write us and tell us you accept them, that is what that means if you do accept them. If you don't accept them, you can fire them back.'"

The goods were received by defendant on February 11, 1907, except some trays, concerning which defendant wrote plaintiff on February 18th, concluding his letter as follows:

"Furthermore, I don't think that I want to accept the goods in the form and manner which you send the 'acceptances.' They are too much like a note or draft. I will be willing to accept the plunder, but not by signing the drafts or notes. Awaiting your advice before putting the goods in the case, and awaiting your shipment of the trays, I beg leave to remain," etc.

Defendant testified that on February 19th he wrote another letter to plaintiff, which plaintiff's witnesses testified was never received. Defendant testified to the substance of this letter, as follows:

"In that first letter I wrote—I mentioned it was plunder, I think, and I wrote in the second letter that the jewelry, after examination, was nothing only junk and plunder, and I didn't think I cared to accept it under the form that they wanted me to at all, because I thought it was a fake deal from start to finish and they misrepresented it. It was along that line that I wrote them. I can't remember exactly my language, but the sense of it

was that I did not want the goods, and they was a lot of junk and plunder and poor stuff, and while I would take them according to their contract, according to the agreement made with Mr. Duke, I was satisfied that they wouldn't do it that way, because it was a fake deal from start to finish. That was the sense of it and I haven't deviated from that standpoint since then."

Defendant further testified that he was satisfied in his own mind on the 19th of February that the goods were not as represented. In several subsequent letters defendant stated his position substantially as in his letter of March 13, 1907:

"I beg leave to advise you that I wrote you that I would accept the plunder under the conditions of the contract and agreement with your representative. There is nothing in the contract to signify that I was to give a note, which the form of drafts, which you sent me amount to. I have the mailing list made out, but before sending it, I will await your advice as to this term 'Acceptance,' and if you insist on the form of acceptance in the manner of notes, or certified drafts, I beg leave to advise that I cannot accept the goods that way, but I assure you that when the quarterly payments come due, you can notify me directly and the remittance will go forward to you at once."

On April 4th defendant wrote.

"I beg leave to advise you that I stand on the jewelry proposition *the same as I first wrote you,* that I would not accept the plunder only on the condition which I bought it. I will not honor the draft you mention, neither will I sign the drafts which you term 'Acceptances.' I will do as as I agreed to do; if that is not satisfactory, I will fire the goods back to you and pay you for what has been sold, which is very slight, and the case, I will buy of you or return as you wish. I explained the situation as I saw it when the goods came, but it appears to me that you have delayed the answering of that until the 15 days had expired for a purpose."

In reply to this last letter plaintiff wrote, in part:

"We do not see why there should be any misunderstanding in connection with this matter. The only objec-

tion you raise is the signing acceptances. This is the only real objection, and this provision is clearly specified in the order, and it is absolutely necessary to do this if you wish to pay the account in four equal installments."

Thereupon, defendant wrote on June 10, 1907, as follows:

"Upon my return from the West I find your letters, and I beg leave to inform you that I am of the same mind about the plunder as I have previously stated to you, that I would not accept the goods in the manner and form as you desire, and I previously have advised you that if you still insisted that I was to sign the so-called 'Acceptances' that I would return the goods and hold the showcase and trays for your advice as to disposition of the same, or I would purchase the case if your price was reasonable, and conforming to the same I have returned the jewelry with the exception of $10.88 worth, which has been sold, awaiting your conformity to my terms written to you many times."

At the close of the testimony, plaintiff moved for a verdict in its favor, upon the ground, among others, that defendant, having based his refusal to accept the goods upon his claim that the contract did not require him to give the acceptances demanded, could not rely upon any other ground. This point was also raised by requests to charge. The circuit judge submitted the case to the jury, who found a verdict for defendant, and plaintiff has removed the record to this court for review upon writ of error.

We are of the opinion that the court did not err in overruling plaintiff's objection to the taking of any testimony, since, although there was an acceptance of the goods, the fraud might only have been discoverable after the acceptance.

We think, however, that the court erred in permitting testimony as to the agent's explanation of the meaning of the clause as to terms of payment, for the reasons:

(1) That the statements of the agent in this regard were not such representations of existing material facts as to

159 MICH.—19.

constitute an inducement upon which defendant had a right to rely, and were incompetent, as tending to vary the terms of the written contract. *Tradesman Co.* v. *Manufacturing Co.*, 147 Mich. 702 (111 N. W. 343, 112 N. W. 708).

(2) That defendant, by its pleading, admitted an acceptance of the goods.

We do not consider it important whether the plaintiff was required, by the rules of pleading, to aver an acceptance in its declaration and prove it upon the trial. It was certainly a material fact in plaintiff's case, which it might properly aver in its declaration. In effect, plaintiff averred in the declaration that it delivered the goods to defendant, and that defendant, having the right to examine the goods to ascertain whether they were in compliance with the contract, and being under the duty to so examine them, and having the right to refuse to accept them if not in fulfillment of the contract, or for other good reason, did accept them as in fulfillment of the contract, and as obligating defendant to pay the purchase price. We hold, therefore, that by his plea defendant admitted the fact of an acceptance, with the effect which the law attaches to such acceptance.

We are also of the opinion that the court erred in refusing to instruct the jury that defendant was limited to the cause of complaint stated in his letters, and that, such cause of complaint not being sufficient in law to warrant a refusal to accept, plaintiff was entitled to recover the contract price.

Conceding that the jury might find that defendant wrote and properly mailed the letter of February 19th, which he afterwards ignored, and which defendant's officers testified was never received, his subsequent letters conclusively show that the statements of that letter were not the basis of his claim of right to refuse acceptance. Two letters from defendant were put in evidence, dated, respectively, February 18th and March 13th, stating defendant's objections. The letter of March 13th plainly refers to the let-

ter of February 18th for the statement of his claim.   In a letter written by defendant on March 27th, he says:  "I wrote you twice that I would accept the goods which is all that your contract implies," etc.   At the date of this letter, he had written three letters, counting the letter of February 19th, but apparently only relies upon the two put in evidence.   In his letter of April 4th he says that he stands on the jewelry proposition " the same as I first wrote you," etc.   Having clearly notified plaintiff of the ground upon which he stood, he could not be permitted to rely upon other grounds upon the trial.   *Ginn* v. *Coal Co.*, 143 Mich. 84 (106 N. W. 867, 107 N. W. 904).

The judgment is reversed, and a new trial granted.

GRANT, MOORE, McALVAY, and BROOKE, JJ., concurred.