EDWARDS STANWOOD SHOE CO. *v.* CURTIS.

Sales—Rescission—Warranty—Return of Goods.

> Where defendant purchased a quantity of rubbers of plaintiff upon the understanding that if they were not satisfactory defendant could return them, but the purchaser, not effecting any sales for some time, wrote plaintiff asking for an extension of time, which plaintiff refused, and where defendant, having received back from her customers certain rubbers that proved defective, notified the plaintiff of the fact, and afterwards returned the shipment, stating that since plaintiff refused to grant the extension of time she returned the goods, defendant was not limited to the ground of objection stated in her first letters, and the verdict for defendant was supported by the testimony

Error to Arenac; Sharpe, J. Submitted November 14, 1911. (Docket No. 110.) Decided December 29, 1911.

Assumpsit by the Edwards Stanwood Shoe Company against Alice R. Curtis for goods sold and delivered. Judgment for defendant. Plaintiff brings error. Affirmed.

*B. J. Henderson*, for appellant.

*W. C. Cook*, for appellee

Blair, J. Plaintiff brings this suit to recover the price of certain rubbers, amounting to $191.16. On January 22, 1908, defendant gave an order to plaintiff's traveling salesman for the rubbers, to be shipped not before September 1, 1908; the bill to be dated November 1, 1908, 30 days net.

Defendant testified:

"*Q.* State to the jury, if you please, what your contract was with reference to these rubbers.

"*A.* He told me when he sold me these rubbers, if they were not satisfactory in every respect, that I could return them at their expense. I received the rubbers some time during the month of September, 1908, and put them in the storehouse until I opened the winter sale.

"*Q.* And at what time of the year does your rubber sale usually start in this country?

"*A.* It usually starts along about the 1st of November. * * *

"*Q.* Up to the time that this bill became due, Mrs. Curtis, had you sold any rubbers?

"*A.* No, sir; I had not.

"*Q.* State to the jury the reason why you had not been able to sell.

"*A.* It was owing to the hot, dry fall; we had fires all over Arenac county, and people didn't have any reason to buy rubbers. They could wear anything most that would hold on their feet.

"*Q.* About what time was it that you first began to sell those rubbers?

"*A.* The first rubbers I sold was on the 28th of November. * * *

"*Q.* And what happened after you sold those rubbers, Mrs. Curtis?

"*A.* Why, they brought them back, and I gave them another pair in the place of them.

"*Q.* Well, how long did they have those rubbers before they brought them back?

"*A.* The first pair was brought back on Saturday, December 12th, and I notified them on the 14th."

The salesman sent his memorandum of the order to plaintiff, and September 9, 1908, plaintiff shipped the rubbers, and an invoice was sent to defendant, which conformed to the order. No information was furnished plaintiff of the oral arrangement between the salesman and defendant. November 25, 1908, defendant wrote to plaintiff:

"If it is not asking too much, I wish you would please give me an extension of thirty days on the rubbers. Owing to the dry warm weather, we have not sold a pair of rubbers."

Plaintiff replied that on prompt payment of one-half of the bill it would extend the balance to December 20th. December 1st defendant wrote as follows:

"If you had rather that I would ship the goods back than to extend the time, please let me hear from you by return mail, and back comes the goods."

December 3d plaintiff replied, declining to permit return of the goods.

Defendant testified that she wrote to plaintiff December 14th:

"I wrote them that there had been some rubbers returned, and if I didn't hear from them that week I should return the balance.

"Q. Is that all that the letter contained, Mrs. Curtis?

"A. As near as I can remember.

"Q. That was all that you can remember that this letter contained?

"A. Yes, sir.

"Q. Did you write to them on any other occasion, Mrs. Curtis, with reference to the condition of these rubbers, of what was the matter of the rubbers?

"A. That they being broke they were returned; that they were not satisfactory.

"Q. When did you write that?

"A. I wrote that in the letter of the 14th; that they had been returned not satisfactory.

"Q. Did you receive any reply to that letter of the 14th?

"A. Not until I received the telegram.

"Q. After the time you wrote that letter of December 14th, did you do anything with these goods?

"A. I kept them until the 21st, and shipped them back."

Plaintiff's manager testified that no such letter was ever received by plaintiff. December 23d defendant wrote to plaintiff, inclosing draft to amount of goods sold, $56.79, saying:

"Now as you could not wait the time asked I have sent you back the rubbers not sold. This will save you time and expense."

Defendant secured verdict and judgment in her favor, and plaintiff brings the record to this court for review.

The assignments of error are as follows:

*First.* The court erred in overruling the plaintiff's motion for a directed verdict in its behalf, for the reason that the defendant was limited to the cause of complaint stated in her letters, and that, such cause of complaint not being sufficient in law to warrant a refusal to accept the goods, plaintiff was entitled to recover the contract price.

*Second.* Intemperate language of defendant's counsel in his argument to the jury.

Counsel for plaintiff rely upon *Providence Jewelry Co.* v. *Bailey,* 159 Mich. 285 (123 N. W. 1117), as decisive of this case in favor of plaintiff. The cases are not parallel. In the *Jewelry Case,* the plaintiff was entitled to recover by the very terms of the contract, unless the defendant could invalidate the contract upon the ground of fraud. In the present case, by the terms of the contract as testified to by defendant, she had a right to return the goods if unsatisfactory to her. According to her testimony and according to the letter itself, she had not sold any of the rubbers at the time she wrote her first letter, asking for an extension of time. None of the rubbers had been returned when she wrote the second letter, and she testifies that two days after the return of the rubbers she wrote to plaintiff that rubbers had been returned broken and unsatisfactory, and if she didn't hear from them that week she should return the balance; and she testifies that she did ship them back on December 21st, notifying them thereof by her letter of December 23d.

Plaintiff's manager testified that the sales agent had authority to make the agreement as testified to by defendant, and she had a right to assume that plaintiff knew what the terms of the contract were. Her letter of December 14th is susceptible of the interpretation, in connection with her prior letters, that, although the rubbers had proved to be unsatisfactory, she would retain them if the plaintiff, within the week, would extend the time of payment. We think the trial judge properly declined to hold, under such circumstances, that defendant could not insist upon the defense urged by her.

The second assignment is without foundation.

The judgment is affirmed.

OSTRANDER, C. J., and STEERE, McALVAY, and STONE, JJ., concurred.