NOBLE *v.* PIRSON.

1. Sales—Contracts—Refusal of Goods—Reasons—Evidence.
    In an action by the seller for damages for the breach of a contract of sale, where the buyer refused a car load of hoops and staves because not in accordance with contract, enumerating specific defects in the hoops, it was admissible for him to show that the staves were not in accordance with the contract.

2. TRIAL—DIRECTED VERDICT—INFERENCES.
    Upon a motion to direct a verdict, the testimony most
        favorable to the other party, together with such legitimate
        inferences as may be drawn from the established facts,
        must be accepted.

3. SAME—CUSTOMS AND USAGES—EVIDENCE—QUESTION FOR JURY.
    Contradictory testimony as to what the trade understood
        by the term "red gum fruit barrel staves," held, to pre-
        sent a question for the jury.

Error to Cass; Des Voignes, J.  Submitted October
24, 1918.  (Docket No. 122.)  Decided December 27,
1918.

Assumpsit by William K. Noble against John Pir-
son for breach of a contract for the purchase of cer-
tain hoops and staves.  Judgment for defendant.
Plaintiff brings error.  Affirmed.

*Hendryx & Mosier*, for appellant.

*E. Bruce Laing*, for appellee.

After some preliminary correspondence, on June 11,
1913, plaintiff wrote defendant, a dealer in cooperage
stock, quoting prices and offering to sell him certain
stock.  The letter contained the following:

"Mill run 28½ inch red gum fruit barrel staves cut
6 to 2, 9/16 inch bilge, $7.75 per thousand; mill run
17⅛ inch hardwood heading 6¾ cents per set; num-
ber one six-foot coil elm hoops, $10.90 per thousand
F. O. B. Newfane, New York."

On June 23d defendant sent plaintiff the following
telegram:

"Ship car mill run heading 8,000 set 17⅛ inch.  One
large car mill run staves 28½ inch.  One car number
one hoops, 50,000.  Ship quick.  Delivered Newfane,
New York."

The heading after being loaded in cars was burned
and is not involved in this case.  Fifty thousand hoops

were shipped from Fostoria, Ohio, from a plant controlled by plaintiff, and a car containing 64,700 staves was shipped from New Madrid, Missouri. On July 11th defendant wired plaintiff from Lockport, New York, as follows:

"Customers will not accept hoops or staves. Leaving four o'clock. Answer."

To this telegram plaintiff replied:

"Don't understand your wire. Quality both staves and hoops all right. Both shipped on your order and we expect you take delivery at once."

On the same day Mr. Pirson wrote Mr. Noble two letters, one from Lockport and the other after he had arrived at his home in Stevensville, Ontario. In the first of these letters he speaks of having sent the telegram and enumerates defects in the hoops. The second letter contains the following language:

"If your stock had been as you guaranteed it to be I could have made a few dollars. As it is neither you nor I will make anything as there will be car services charged until you move them."

Other correspondence passed between the parties, but defendant refused to take the stock and plaintiff resold the same at a loss, for the recovery of which he brought this action, resulting in a verdict and judgment for the defendant.

FELLOWS, J. (after stating the facts). We do not understand it to be claimed, at least it cannot be successfully claimed, that upon this record there was no evidence that the hoops were defective, of an inferior grade, and did not comply with the contract in the particulars claimed by the defendant in his correspondence and testimony. But it is claimed that, so far as the question of recovery for the loss on the staves is concerned, two reversible errors were com-

mitted. As we understand, it is counsel's claim that the court erred in the admission of evidence that the staves did not comply with the contract and that the court should have directed a verdict for the loss on the staves.

Under the first of these propositions, it is pointed out by counsel that specific defects in the hoops were enumerated, and it is urged that having given as reason for declining to accept the stock specific objection to the hoops, defendant cannot show that the staves were not in accordance with the contract, and *Ginn* v. *W. C. Clark Coal Co.*, 143 Mich. 84, and *Providence Jewelry Co.* v. *Bailey,* 159 Mich. 285, are cited. There should be no doubt as to the correctness of the rule laid down in these decisions, that where one, after having full opportunity to examine the article shipped, rejects the same on specific grounds, the other party has the right to act upon the assumption that it is upon these grounds alone that the party relies. The difficulty with the application of that rule to the instant case grows out of the fact that defendant's refusal to accept the stock, as appears by the correspondence, was based upon more than one reason. It included as one of the reasons that the stock was not as plaintiff had guaranteed, a claim that the stock did not comply with the contract. Having based his refusal, in part at least, on the ground that the stock did not comply with the contract, we think it was admissible for him to prove that it did not comply with the contract. Plaintiff could not have been misled in any way. When he sent his telegram in reply to the one received from defendant, he asserted that "quality both staves and hoops all right."

It is insisted by plaintiff's counsel upon the second proposition that "red gum fruit barrel staves" has a specific meaning to the trade and includes not only staves manufactured from red gum, but also staves

manufactured from timber growing in the same locality. They insist that this is conclusively proven, and that it is also conclusively proven that the staves furnished complied with the term "red gum fruit barrel staves" as understood by the trade; hence, they urge the court should have directed a verdict. There was testimony to support the plaintiff's claim just mentioned, but it was not undisputed. Upon a motion to direct a verdict, the testimony most favorable to the other party, together with such legitimate inferences as may be drawn from the established facts, must be accepted. A few excerpts from the testimony will be sufficient. Mr. Hampton, a manufacturer of cooperage stock and barrels, was called as a witness by the plaintiff. On cross-examination he testified as follows:

"*Q.* What do you understand to be the meaning of red gum fruit barrel staves? What would you expect in a car ordered under specifications of that sort?

"*A.* Red gum is a kind of timber grows in the south and southwest.

"*Q.* Would you expect any other timbers in there other than red gum?

"*A.* Well I wouldn't expect any other timber that was not equally as good.

"*Q.* Well it wouldn't be a carload of red gum fruit barrel staves if it had other timber in there, would it?

"*A.* Well, not entirely, no."

The staves in question were afterwards sold to L. J. Eckler, who manufactured them into barrels. He testified:

"I examined it myself and worked on it for two weeks myself. This car contained red gum and mixed timber staves other than red gum. It is a usage in the trade that we get the kind of timber we pay for. When we order red gum we expect red gum and no other kind of timber."

Mr. Lester Le Fever examined the car of staves at Newfane, New York. He testified:

"*Q.* State what you found when you inspected this car?

"*A.* Would say they were a mixed car.

"*Q.* What further did you find?

"*A.* I thought they were bastard staves."

There was other testimony in the case tending to dispute plaintiff's claim and to support the claim of defendant. It was not error to refuse to direct a verdict for the plaintiff for the amount of his loss on the staves.

The judgment is affirmed.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred.