## HARVARD CO. *v.* HIMMELEIN.

1. COMMERCE — INTERSTATE  COMMERCE — CORPORATIONS — FOREIGN CORPORATION  DOING  INTERSTATE  BUSINESS  NOT  REQUIRED  TO COMPLY WITH MICHIGAN STATUTES.

In an action for damages for the breach of a contract, where the business transacted was interstate commerce, the defense that the contract was void because plaintiff, a foreign corporation, had not complied with the statutes of Michigan with respect to foreign corporations doing business in Michigan, was without merit.

2. SALES—BREACH OF CONTRACT—DEFENSES—WAIVER.

Where defendant had ample opportunity to inspect the

As to when a foreign corporation which has entered into a contract for the local handling of its product may be considered as doing business within the State, see note in L. R. A. 1916F, 334.

first shipment to it under its contract purchasing 2,000 cases of pure fruit preserves, and did not give as a reason for canceling the contract and refusing to receive the balance that it did not conform to the contract, said defense was waived, and the trial court properly refused to submit it to the jury.

3. TRIAL—DAMAGES—INSTRUCTIONS.

Where the defense to an action for damages for the breach of a contract was without merit, the trial court properly instructed the jury that the only question for them to determine was the amount of plaintiff's damages.

Error to Wayne; Mayne (Frederick W.), J., presiding. Submitted January 22, 1924. (Docket No. 98.) Decided April 10, 1924.

Assumpsit by the Harvard Company, assignee of the Naboth Vineyards, Inc., against Philip L. Himmelein and Fred T. Himmelein, copartners as the Vinekist Grape Juice Company, for breach of a contract of sale. Judgment for plaintiff. Defendants bring error. Affirmed.

*Thomas A. E. Weadock,* for appellants.

*Hoffman & Miller,* for appellee.

McDONALD, J. On April 30, 1920, the defendants, doing business as the Vinekist Grape Juice Company, of Detroit, Michigan, contracted in writing with the Naboth Vineyards, Inc., for the purchase of 2,000 cases (2 dozen 16 oz. panel jars to each case) of pure fruit preserves, at a price of $3.75 per dozen. The purchase was made by samples from a Detroit food product broker and the quality of the goods was to be the same as the samples. Delivery was to be made by the plaintiff in car load shipments, the entire order to be shipped in June, July, or August of 1920. The defendants were to furnish labels to the plaintiff which

were to be attached to each jar before shipment. Because of delay by the defendants in furnishing labels the first car was not shipped until September 16, 1920. This shipment was received by the defendants 20 days later and was paid for on October 11, 1920. At the time of payment defendants asked to be relieved from taking the balance of the order for reasons as stated in their letter to plaintiff, as follows:

"On account of late delivery we will have this entire shipment on our hands, most of the people to whom we have sold same refusing to accept delivery and canceling, giving as excuses, losses on sugar, etc. Therefore, we ask you to please cancel the remaining balance of our order as conditions are such that we are not in position to take same."

To this the plaintiff answered that unless labels for the remainder of the order were received on or before November 1, 1920, the goods would be shipped without labels. On October 28, 1920, defendants wrote to the plaintiff confirming telegram of the same date, saying that they would send no labels and accept no more goods. This suit was brought to recover damages because of the refusal of the defendants to accept the balance of the goods ordered. On the trial, the defendants claimed that the shipment received was inferior in quality to the samples, and for that reason they had refused to accept the balance of the order. After denying a motion by the defendants for a directed verdict the court instructed the jury that the plaintiff was entitled to recover and submitted for their determination the question of damages only. The plaintiff received a verdict and judgment for $2,000. The defendants bring error.

It is first claimed that the contract was invalid because the plaintiff had not complied with the statutes of Michigan with respect to foreign corporations doing business within this State. The claim is without

merit. This business was interstate commerce. *W.* *T. Rawleigh Co.* v. *Trerice,* 224 Mich. 420.

Counsel for the defendants says in his brief that:

"The main question in the case is one of fact, whether the goods furnished by plaintiff's assignee were pure fruit preserves as the contract required, or jam, a different and inferior article."

He complains that the trial court erred in refusing to submit this question to the jury, and in directing them that they must find at least nominal damages for the plaintiff. The first shipment was received and paid for. No claim was made that it did not conform to the contract; that it was inferior in quality to the samples. The only reason assigned for not taking the balance of the order was that customers were canceling their orders because of losses on sugar. The defendant Fred T. Himmelein testified that after receiving the first shipment they did not complain to the Harvard Company that the goods were not according to sample.

"*Q.* Why didn't you?
"*A.* Because of their arbitrary stand in not canceling the stuff that was still due us."

The defendants had ample opportunity to inspect the first shipment. It was their duty to do so, and if they found that it did not conform to the sample they should have notified the plaintiff promptly. The record does not show any complaint as to quality of the goods until the time of the filing of the plea. It was not the reason given for the cancellation of the contract. They assigned but one reason and in doing so are deemed to have waived all others. *Ginn* v. *W. C. Clark Coal Co.,* 143 Mich. 84; *Providence Jewelry Co.* v. *Bailey,* 159 Mich. 285. The court correctly held that the quality of the goods was not involved, and that the only question for the jury to determine was

the amount of the plaintiff's damages.    He seems to have rightfully stated the measure of damages and no objection is made to the charge in this respect.

There are no other assignments that require discussion.

The judgment is affirmed, with costs.

CLARK, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.