## BITUMINOUS CAS. CORP. v. OCEANO TOWING CO.

### No. 13610.

United States Court of Appeals
Fifth Circuit.

June 5, 1952.

Rehearing Denied July 21, 1952.

S. J. Powers, Jr., T. J. Blackwell, Miami, Fla., for appellant.

H. Reid DeJarnette, Miami, Fla., for appellee.

Before HUTCHESON, Chief Judge, and BORAH, and STRUM, Circuit Judges.

STRUM, Circuit Judge.

This is a suit for declaratory judgment, brought by Oceano Towing Co. against Bituminous Casualty Corporation, to obtain a decree requiring the insurance company to defend and protect Oceano in a then pending suit against it for damages, and to declare that the insurer is liable to the Towing Company for any damages that might be assessed against the latter in said suit.

The defenses below were (1) non-coverage because the injured person was a passenger and therefore excepted from the risk; (2) failure of the insured to give timely notice of the claim; and (3) failure to cooperate.

The defendant insurer issued to plaintiff Towing Company a policy of liability insurance in which it agreed to defend any suit against the insured seeking damages for bodily injuries based upon the hazards covered by the policy, and that it would pay on behalf of the insured all sums imposed upon it by law because of such injuries caused by accidents arising out of operation of the tug boats Thelma and Thomas, "excluding the passenger hazard."

While the Thelma was towing a crash boat astern of a barge, tandem fashion,

along an inland waterway in Florida, the crash boat grounded while at anchor during an overnight stop. Next morning, while the tug was endeavoring to free the crash boat from the mud, so that the tow could proceed, and while one Marvin McDermott was standing near the bow of the crash boat, his leg, unknown to the tug boat crew, became entangled in a "bight" of the tow line, so that when the tug surged ahead, the tow line tautened sharply and severed McDermott's leg below the knee. For this injury McDermott recovered judgment in admiralty against the Towing Company while this declaratory judgment suit was in progress.

The decree below declared the insurer to be liable to the Towing Company on the indemnity policy, and ordered the insurance company to pay, to the limit of its policy, the admiralty judgment recovered by McDermott, together with attorney's fees incurred by the Towing Company in defending the admiralty suit, which the insurance company had wrongfully failed to defend, and also to pay attorney's fees in the present suit. The insurer appeals from that decree.

 It is clear that the injured man was not a passenger in the sense excluded by the policy. He was not aboard the tug at all, but was gratuitously aboard the crash boat as its owner, caretaker and crew. The crash boat was being towed without charge for that service. His admiralty suit against the Towing Company was not based upon any breach of duty of the Towing Company to him as a passenger, but rested solely upon the tortious act of the tug in injuring him while on the crash boat. The district judge is fully supported by the evidence in finding that the coverage of the policy extended to the event which caused McDermott's injury, and that his injury, in these circumstances was one of the risks insured against. Of course we are not here concerned with the merits of the admiralty judgment. Compare Atlantic Lighterage Corp. v. Continental Insurance Co., 2 Cir., 75 F.2d 288; Eastern Transp. Line v.

Cooper, 99 U.S. 78, 25 L.Ed. 382; United States v. Guess, D.C., 48 F. 587.

 The policy requires the insured to give the insurer written notice of an accident "as soon as practicable," and that if suit is brought the insured shall "immediately" forward the summons or other notice to the insurer. McDermott was injured December 3, 1947. On the 17th or 18th of March, 1948, the insured gave notice to the insurer of the accident, although McDermott's suit in admiralty was not commenced until August 13, 1948. On August 5, 1948, after investigating the facts, a claim attorney for the insurance company wrote a letter to Oceano, stating, amongst other things: " * * * please be advised that Bituminous Casualty Corporation will provide coverage to you under the provisions of our policy contract MPL 27810, * * * (the policy here involved). With reference to our claim No. PL 151–217, in the event that Mr. McDermott or anyone in his behalf, contacts you, or in the event that you are served with summons indicating Mr. McDermott has instituted suit against you, please notify this office immediately."

When the defendant insurer, by its letter of May 14, 1948, originally denied liability under the policy, it based such denial, not on lack of notice, but upon lack of coverage, thereby waiving the notice requirements of the policy. Having placed its denial of liability solely upon lack of coverage, the insurance company should not be heard, several months later, to deny coverage upon a different ground. John Alt Co. v. Maryland Casualty Co., 8 Cir., 88 F.2d 36, 39; Bowyer v. Professional Underwriters, 269 Mich. 87, 256 N.W. 814. Moreover, coverage was expressly admitted by the insurer, without objection as to lack of notice, by its above quoted letter of August 5, 1948.

 There is no evidence of lack of cooperation on the part of the insured. On the other hand, however, the record shows that the insurer, after promising to defend, later declined to do so, and the insured was obliged to retain counsel for that purpose.

Affirmed.