### DICKINSON v. HOMERICH.

1. INSURANCE—AUTOMOBILE INSURANCE—DEFENSES—WAIVER.
    Where insurance company based its nonliability solely on ground that policy had lapsed, when insured came to its office with summons in action against him for damages caused by his automobile, other possible defenses in garnishment proceedings, brought against it after judgment was obtained against insured, were thereby waived, notwithstanding provision that terms of policy could not be altered or waived except by written indorsement.

2. SAME—FINDING THAT POLICY WAS IN EFFECT SUPPORTED BY EVIDENCE.
    Finding of trial judge that policy was in fact issued to insured on date later than that shown by policy, and that it was in full force and effect on date of accident, *held*, supported by evidence.

3. SAME—GARNISHMENT—INSURER LIABLE.
    Judgment having been obtained in principal suit against insured for damages caused by his automobile, insurer became liable in garnishment proceedings under policy issued to insured and in effect at time accident occurred.

Case-made from Kent; Dunham (Major L.), J. Submitted October 29, 1929. (Docket No. 166, Calendar No. 34,657.) Decided December 3, 1929.

Garnishment proceedings by Walter Dickinson, by next friend, against the American Casualty Underwriters, garnishee defendants, on a judgment obtained against Peter J. Homerich and John Todd. Judgment for plaintiff on the trial of the statutory issue is reviewed by case-made. Affirmed.

*Renihan & Lilly,* for plaintiff.

On denial by insurance company that policy is in force as waiver of notice and proof of loss, see annotation in 35 A. L. R. 1480.

*Shelby B. Schurtz,* for garnishee defendant.

NORTH, C. J.   On October 31, 1928, Walter Dickinson sustained serious injuries in consequence of the negligent operation of a Ford Fordor sedan owned by defendant Peter J. Homerich, and driven by the defendant John Todd.   Default judgment for $5,000 damages and $39.60 costs was taken against these two defendants in January, 1929.   In May following garnishment proceedings were instituted against the American Casualty Underwriters, an unincorporated voluntary association, which had issued to Homerich a $5,000 auto insurance policy.   Judgment for the full amount of the policy was rendered against the garnishee defendant; and it has brought the matter to this court on case-made.   It denies liability here for the following reasons:

(1) The insured did not give appellant immediate written notice of the accident nor forward immediately to the appellant the summons served upon the insured.

(2) There was no waiver of the provisions of the policy as to notice, and the trial court was in error in holding otherwise.

(3) At the time of the accident, defendant's automobile was being driven by an intoxicated person in violation of law and by the express terms of the policy appellant is not liable; and also the appellant is not liable because the policy of insurance had been canceled for nonpayment of premiums prior to the accident.

The pertinent parts of the policy are:

"B.   The subscriber shall give the attorney in fact immediate written notice of any accident, claim, loss or suit hereunder with fullest information obtainable.   *   *   *   The subscriber shall immediately

forward to the attorney in fact every notice, summons or other process served on him on behalf of third persons, when the Exchange will, at its own cost, defend.''

''M. No condition or provision of this contract shall be altered or waived except by written indorsement, attached hereto and signed by the attorney in fact; nor shall notice to, or knowledge possessed by any agent, or other person, be held to effect a waiver or change in any part of this contract.''

''A. This contract does not cover loss resulting or arising * * * while the automobile is * * * being driven by any person prohibited by law from driving an automobile.''

''N. * * * In the event the subscriber has elected to pay such premium deposit on an annual or semi-annual basis, then unless the annual premium or first semi-annual premium is paid in full within thirty days from the date the contract bears, the contract shall be void from the beginning, and the risk shall not attach hereunder.''

The case was tried without a jury and special findings of fact and conclusions of law filed. While the insured did not give immediate written notice of the accident, and did not immediately forward the summons, the trial judge found that:

''Said garnishee defendant was notified of said collision and agreed to look after plaintiff's interests therein by reason thereof and all notices required to be given to said garnishee defendant were either given as provided in said policy or waived by said garnishee defendant.''

For reasons hereinafter indicated, we need not pass upon the sufficiency of the telephone notice which the insured claims he gave to Mr. Chellis' office. Mr. Chellis was the general agent of the garnishee defendant. He denied having received the notice or

having any knowledge thereof. However, it may be noted in passing that the following direction as to giving notice appears on circular advertising matter:

"If accident is fatal or involves serious injury, telegraph or telephone, giving date of inquest if one is held."

The defenses which the appellant sought to make based upon the failure of the insured to give written notice of the accident or to forward the summons when served upon him, or because of the claim that at the time of the accident the machine was being driven by an intoxicated person, were waived by the denial of any liability whatever at the time the insured sought to deliver the summons in this case to defendant's agent.

The record shows that the insured sought to do this promptly. Mr. Chellis testified:

"When he came into my office with the summons * * *, I told him his policy had lapsed, that his policy was not in force. He acknowledged that he knew that it had lapsed. I told him his policy had been canceled, and he said he knew it."

Having thus based its nonliability solely upon the ground that the policy had lapsed, the circuit judge was right in holding that other defenses were waived by the insurance company. And such denial of liability constituted a waiver of other possible defenses notwithstanding the provision that the terms of the policy cannot be altered or waived except by written indorsement, etc. *Improved Match Co.* v. *Fire Ins. Co.*, 122 Mich. 256; 14 R. C. L. p. 1349.

The trial judge also found that, notwithstanding the insurance policy seems to have been dated August 20, 1928, it was in fact issued to the insured

"about or shortly after October 2, 1928, and was in full force and effect on October 31, 1928, the date of said collision." There was evidence to support this finding. The policy described the automobile covered as a Ford make, Fordor automobile, motor number 14654898. This machine was not purchased by the defendant until September 15, 1928, and therefore it seems improbable the policy could have properly been dated August 20, 1928, as claimed by the defendant. But aside from this, on October 2, 1928, the insurance company wrote the defendant a letter in which it stated "you are covered;" it billed him the premium October 17, 1928; accepted payment of the premium December 18, 1928, and mailed defendant the receipt on the same date. It did not tender repayment of the premium until months later, and after this garnishment proceeding had been instituted. The defendant claimed that because of the nonpayment of the initial premium it had canceled Homerich's policy October 20, 1928, under clause "N" of the policy above quoted. But defendant failed to prove notice of cancellation was given the insured, and it made no claim of having attempted to return the premium subsequently paid until after garnishment proceedings were instituted. The policy provides:

"This contract may be canceled, cancellation to be effective at noon on the fifth day after the mailing of written notice thereof, by either of the parties. * * * Notice of cancellation mailed by either party hereto to the other's address herein given shall be sufficient notice and the check of the attorney in fact, similarly mailed, a sufficient tender of any unused premium deposit."

We would not be justified in setting aside the conclusion of the trial judge that this policy was in

force on the date of the accident. We are not impressed with the *bona fides of* defendant's belated claim that it issued another policy to Homerich dated December 28, 1928. The insurer did not claim it had ever received a written application for this second policy, and delivery of such a policy was not tendered to the insured until after garnishment proceedings were instituted in May, 1929.

The trial court's determination that Homerich's policy was in force on the date of the accident, and that no valid defense to the insurer's liability thereon was established, must be sustained. Judgment having been obtained in the principal suit against the insured, the insurer became liable in garnishment in this proceeding under the policy issued. *Barney v. Insurance Exchange,* 240 Mich. 199.

The judgment entered in the circuit court is affirmed, with costs to the appellee.

FEAD, BUTZEL, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.