## POELMAN *v.* PAYNE.

1. GARNISHMENT—RECOVERY BY PLAINTIFF AGAINST GARNISHEE.
   Plaintiff in a garnishment proceeding may not recover against the garnishee defendant unless the principal defendant may do so.

2. APPEAL AND ERROR—NONJURY CASE—FINDING OF FACT—EVIDENCE.
   The finding of fact by the trial judge in an action at law tried without a jury will not be reversed unless the evidence clearly preponderates in the opposite direction.

3. GARNISHMENT—AUTOMOBILE INSURANCE—REPLACEMENT—NEWLY-ACQUIRED CAR.
   Plaintiff who had suffered damage by reason of principal defendant's negligence in operating automobile of which he had taken possession 3 days before the accident may not recover from garnishee defendant, insurer under automobile insurance policy covering a car owned by the principal defendant which he thereafter continued to operate for upwards of a year,

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 5 Am Jur, Attachment and Garnishment § 770.
[3] 5 Am Jur, Automobiles § 518.2.
[3] Construction and application of replacement or substitution provision of automobile liability or indemnity policy. 127 ALR 486.

where principal defendant had not become the owner of the newer car for the purpose of replacing the older one, had never availed himself of provision for automatic insurance for newly-acquired automobiles and the insured is not entitled to recover from the garnishee.

4. APPEAL AND ERROR—QUESTIONS REVIEWABLE—GARNISHMENT—INSURANCE—ADDITIONAL AUTOMOBILE.

Plaintiff's claim in garnishment proceedings under automobile insurance policy of right to recover under clause therein relating to additional automobiles, not having been passed upon by the trial court in nonjury trial of statutory issue, is not considered, since it is raised for the first time on appeal (CL. 1948, § 628.12; Court Rule No 67 [1945]).

Appeal from Kent; Brown (William B.), J. Submitted January 15, 1952. (Docket No. 60, Calendar No. 45,269.) Decided March 6, 1952.

Garnishment proceeding by Robert Poelman against Charles Payne, principal defendant, and Dearborn National Casualty Company, garnishee defendant, on an insurance policy. Judgment for garnishee defendant. Plaintiff appeals. Affirmed.

*Lilly, Luyendyk & Snyder* (*Stephen W. Karr,* of counsel), for plaintiff.

*Alexis J. Rogoski* and *Robert Bunker Rogoski,* for garnishee defendant.

NORTH, C. J. This case involves the construction of a provision in a policy of automobile insurance. Much of the factual background of the instant litigation appears in *Payne* v. *Dearborn National Casualty Co.,* 328 Mich 173.

On April 17, 1948, Payne purchased a DeSoto automobile from Robert K. Wilson. At that time Payne owned a Plymouth automobile. The policy here in suit was issued by the Dearborn National Casualty Company on July 15, 1947, for 1 year, cov-

ering Payne's Plymouth automobile. He contends that he purchased the DeSoto for the purpose of replacing the Plymouth car, which was in need of repair. On April 20, 1948, Payne was involved in an automobile accident while driving the DeSoto car; and in consequence of the accident a suit for damages was instituted by plaintiff Poelman against Payne, which resulted in judgment and costs for plaintiff in the sum of $1,181.60. Thereafter plaintiff Poelman caused a writ of garnishment to be issued against the defendant Dearborn National Casualty Company. The casualty company in this garnishment proceeding contends that its policy issued to Payne on his Plymouth car did not cover the DeSoto car purchased by Payne from Wilson. Plaintiff Poelman claims that it did. This controversy presents the controlling issue herein. The garnishee defendant filed a disclosure denying liability. The statutory issue was tried by the circuit judge and on grounds hereinafter noted he found the garnishee defendant not liable. Judgment was entered accordingly; and plaintiff has appealed.

The policy in question contained provisions as follows:

"9. AUTOMATIC INSURANCE FOR NEWLY-ACQUIRED AUTOMOBILES

"If the named insured who is the owner of the automobile acquires ownership of another automobile and so notifies the company within 30 days following the date of its delivery to him, such insurance as is afforded by this policy applies also to such other automobile as of such delivery date:

"(A) If it replaces an automobile described in this policy, but only to the extent the insurance is applicable to the replaced automobile, or

"(B) If it is an additional automobile and if the company insures all automobiles owned by the named insured at such delivery date, but only to the extent

the insurance is applicable to all such previously owned automobiles: * * *

"The named insured shall pay any additional premium required because of the application of the insurance to such other automobile. The insurance terminates upon the replaced automobile on such delivery date."

In this garnishment proceeding plaintiff's theory of right to recover against the garnishee defendant was based upon the contention that at the time of the automobile accident (April 20, 1948) Payne had valid insurance in the defendant company under clause (A) of subdivision 9 for "Automatic Insurance For Newly-Acquired Automobiles," which is just above quoted. In garnishment proceedings it is elementary that the plaintiff cannot recover against the garnishee defendant except in cases wherein the principal defendant could recover against the garnishee defendant. *Allor* v. *Dubay,* 317 Mich 281. It is likewise true that in reviewing cases tried without a jury, the finding of fact by the trial judge will not be reversed by this Court unless the evidence clearly preponderates in the opposite direction. *Grimes* v. *King,* 311 Mich 399; *Brady* v. *Central Excavators, Inc.,* 316 Mich 594.

It is obvious that under the theory on which the case was tried, this garnishee defendant could not be found liable to the insured until it was proven that he took title to the Wilson DeSoto car *with the intent that it should "replace" the Plymouth automobile* on which the policy herein involved was issued. Some of the facts and circumstances disclosed by this record, and in consequence of which the trial judge concluded such "replacement" was not contemplated by Mr. Payne, the insured, are noted.

In *Payne* v. *Dearborn National Casualty Co., supra,* plaintiff filed a declaration consisting of 3 counts. The last of such counts was drafted on the

theory that Payne as owner of the DeSoto automobile might recover under the "automatic insurance for newly-acquired automobiles" policy provisions. But, Payne voluntarily withdrew count 3 of his declaration prior to submitting the case to the jury. In the same suit in count 2 of his declaration Payne referred to the DeSoto automobile, which it is now claimed he intended should replace his Plymouth automobile, as follows: "The DeSoto automobile then (April 20, 1948) owned by said Robert K. Wilson and insured with defendant." Even the first count in Payne's declaration was drawn on the theory that the DeSoto at the time was not owned by him, but instead by Wilson, and that Payne was protected under his policy issued on his Plymouth car while he was driving the automobile owned by another. Obviously the above claims by Payne in his former suit against the insurer were quite inconsistent with the present claim that he became the owner of the DeSoto car by reason of having purchased it from Wilson on the 17th day of April, 1948. Another circumstance disclosed by the record and bearing somewhat upon whether Payne took over the DeSoto car for the purpose of "replacing" his Plymouth automobile is that a year or more after the accident Payne was still driving his Plymouth automobile and finally he turned it in toward the purchase of another car. However, the evidentiary force of this circumstance should be evaluated in the light of the fact that the DeSoto car was practically totally demolished in the accident of April 20, 1948.

At the close of all the proofs the trial court made a statement which concluded as follows:

"So, the court will file a written findings of fact and conclusions of law, holding that at the time the purchase of this DeSoto was made, it was not intend-

ed to be a substitution in this policy, and Mr. Payne didn't intend even to buy it, it wasn't considered; but that he did this to help his friend, Mr. Wilson, who was in jail, took the title over, took the certificate of title not properly executed, but he took it over. And still he says he didn't own the car. Where there is such a doubt as that that the man himself didn't know whether he owned the car or not, and thought he didn't own it until the Supreme Court (in *Payne* v. *Dearborn National Casualty Company,* *supra*) said he did own it, he certainly couldn't have any idea of transferring the insurance from a car he did own to one he thought he didn't own. So, I will file a findings in the case."

Subsequently the trial judge did file findings of fact and conclusions of law, from which we quote:

"Findings of Fact

"On April 17, 1948, Charles Payne became the owner of a DeSoto automobile by purchasing the same from Robert K. Wilson, who was then confined in the Newaygo county jail; that thereupon Payne actually took possession of Wilson's DeSoto automobile and thereafter used it as his own. * * *

"There is no basis for the claim now made by Charles Payne that he acquired ownership of the DeSoto automobile for the purpose of replacing his Plymouth automobile. Payne has at all times claimed, and he now contends, that he never became the owner of the DeSoto automobile. At the time he acquired the DeSoto automobile he was having his Plymouth automobile repaired, ostensibly for the purpose of continuing to use it. There is no evidence that at and prior to the time he acquired ownership of the DeSoto automobile he had any plan or taken any steps to sell, trade in, or otherwise dispose of the Plymouth automobile. Payne continued to use the Plymouth automobile after the date he acquired the DeSoto automobile and after more than a year had elapsed from that date he was still using the Plymouth automobile. * * *

"Payne has never paid, or offered to pay, to the garnishee an additional premium in the amount of $33 which he would have been required to pay in order to avail himself of the "automatic insurance for newly-acquired automobiles" provision of his policy; and he does not now recognize any obligation on his part to pay such premium.

"Payne, an insurance man, has never availed himself of the provision of his policy for automatic insurance for newly-acquired automobiles and his failure to do so has been deliberate and intentional.

"The said Charles Payne, as plaintiff, commenced an action against the garnishee, as defendant, in the circuit court for the county of Muskegon (Law No 13207), in 3 counts; that by the third count of his declaration the said Charles Payne sought to recover under the "Automatic Insurance For Newly-Acquired Automobiles" provision of his policy; but, at the conclusion of the proofs in said action, he voluntarily withdrew or dismissed said count, claiming that the DeSoto automobile was not a newly-acquired automobile.

"The only proofs offered by plaintiff (herein) were in support of a claim made by him that the garnishee became liable to Payne by virtue of the provision of the Payne policy for automatic insurance for newly-acquired automobiles.

"Conclusions of Law

"1. The garnishee did not become, and is not now liable to Charles Payne under the provision of the Payne policy for automatic insurance for newly-acquired automobiles for the following reasons:

"(a) Charles Payne did not acquire ownership of the DeSoto automobile for the purpose of replacing his Plymouth automobile. * * *

"3. Plaintiff's proofs failed to establish any right on the part of Payne to recover against the garnishee under any of the provisions of the policy.

"4. Inasmuch as Charles Payne is not entitled to recover from the garnishee under his policy, the

plaintiff as judgment creditor of Payne has no right to recover against the garnishee.

"5. A judgment of 'no cause of action' should be entered in favor of the garnishee defendant, with costs."

We cannot say, on the record before us, that the evidence, in the light of which the trial judge made his findings and determination, preponderates in the opposite direction. Hence, so far as that phase of the case is concerned the decision of the circuit court must be affirmed.

Thus far in this opinion we have considered only plaintiff's right to recover against the casualty company under that portion of the policy which under subdivision 9 provides automatic coverage for an automobile of which the insured acquired ownership and which "replaces an automobile described in" the policy. The questions submitted by appellant, in his original brief on this appeal, pertain to no other policy provision in consequence of which he asserts right of recovery against the insurer. Further, appellee asserts in its brief, which is true so far as we can ascertain from the record, that the above was the sole claim presented to and passed upon by the trial judge as the basis of his decision. In so concluding we are mindful, as appellant now states in his supplemental brief, that the insurance policy as a whole was introduced in evidence.

Subsequently to the argument in this Court, permission having been granted, appellant filed a supplemental brief in which he now asserts a right to recover under clause (B) of subdivision 9 of the policy, hereinbefore quoted. As just above noted, such claim was not presented to or passed upon by the trial court. It should not now be injected into the case. To do so would tend to impair orderly procedure in and presentation of appeals; and obviously would be fraught with the possibility of work-

ing not only inconvenience but injustice to opposing litigants. Michigan Court Rule No 67 (1945), in part provides: "Ordinarily no point will be considered (on appeal) which is not set forth in or necessarily suggested by the statement of questions involved." See, also, *Wetzel* v. *Roberts,* 296 Mich 114; *Whitley* v. *Tessman,* 324 Mich 215; *Mitchell-Morris Co.* v. *Samaras,* 325 Mich 425. Further, in several cases we have held that this Court does not and should not consider for the first time on appeal an issue not submitted to or passed upon by the trial court and as a result of so doing reverse the decision of the trial court. *Swain Lumber Co.* v. *Newman Development Co.,* 314 Mich 437; *Toering* v. *Glupker,* 319 Mich 182; *Village of St. Clair Shores* v. *Village of Grosse Pointe Woods,* 319 Mich 372; *Coates* v. *Coates,* 327 Mich 444. In the last cited case we said:

"This question was not raised by the pleadings or argued or considered by the trial court in its opinion. Under such circumstances we do not consider the question raised in this Court for the first time on appeal."

Other issues are presented by the casualty company in support of its claim of nonliability; but we deem it unnecessary to discuss such issues because an affirmance of the judgment entered in the circuit court is controlled by the portions of the record hereinbefore considered. We are mindful appellant contends that the trial court ruled erroneously as to admissibility of certain testimony; but we do not find in such rulings prejudicial error that would justify reversal of this nonjury case.

The judgment entered in the circuit court is affirmed, with costs.

Dethmers, Butzel, Carr, Bushnell, Sharpe, Boyles, and Reid, JJ., concurred.