LEE v EVERGREEN REGENCY COOPERATIVE

Docket No. 83164. Submitted January 9, 1986, at Lansing. Decided March 13, 1986. Leave to appeal denied, 425 Mich 874.

Plaintiff, Ronnie E. Lee, was a tenant of defendant Evergreen Regency Cooperative, which was managed by defendant Management Systems, Inc. Lexington Insurance Company was Management Systems' professional liability insurer under a claims made policy that specifically excluded coverage for wrongful eviction, bodily injury or property damage. The policy expired on September 26, 1982. On February 4, 1982, plaintiff brought an action in the Genesee Circuit Court against Evergreen Regency and Management Systems for wrongful eviction, personal injury and property loss. Management Systems did not notify Lexington Insurance until April 4, 1983. Lexington notified Management Systems that it was denying liability because of late reporting of the lawsuit. Plaintiff obtained a judgment against Evergreen and Management Systems and filed a garnishment against Lexington. Lexington answered denying liability on the basis that Management Systems' claim was not made within the policy period. Lexington sought to amend its pleadings to add as a defense that the policy specifically excluded liability for wrongful eviction, property damage, and personal injury. The trial court, Thomas C. Yeotis, J., denied the motion, holding that the amendment would be futile because Lexington had waived all defenses not originally raised in its denial letter to Management Systems, including the policy exclusion. Lexington moved for summary judgment alleging that there was no issue of material fact because Management Systems did not make its claim within the policy period, as required by the policy. The court denied the motion, holding that the "claims made" defense had also been waived when it was not raised in the denial letter. The court ruled that the only defense raised in the letter was that Management Systems did not give the insurer timely notice, and denied summary

REFERENCES

Am Jur 2d, Insurance §§ 1571-1673.

See the annotations in the ALR3d/4th Quick Index under Estoppel and Waiver; Insurance.

judgment because the question of whether notice was timely is a factual issue. Lexington appealed. *Held:*

The doctrines of waiver and estoppel should not be applied to expand an insurance policy to create a liability not created by the contract or cover a risk expressly excluded by the policy except (1) where the company rejected a claim of coverage and declined to defend its insured in the underlying litigation and later raised issues that were or should have been raised in the underlying action, and (2) where the inequity of forcing the insurer to pay on a risk for which it never collected premiums is outweighed by the inequity suffered by the insured because of the insurance company's actions. The first exception does not apply. The equities balance in favor of Lexington.

Reversed and remanded.

INSURANCE — WAIVER — ESTOPPEL.

The doctrines of waiver and estoppel should not be applied to expand an insurance policy to create a liability not created by the contract or cover a risk expressly excluded by the policy except (1) where the company rejected a claim of coverage and declined to defend its insured in the underlying litigation and later raised issues that were or should have been raised in the underlying action, and (2) where the inequity of forcing the insurer to pay on a risk for which it never collected premiums is outweighed by the inequity suffered by the insured because of the insurance company's actions.

*Howard R. Grossman* and *Donald H. Robertson,* for plaintiff.

*Nill, Kirby, Rockwell & Swann, P.C.* (by *Philip D. Swann*), for garnishee defendant.

Before: WAHLS, P.J., and MACKENZIE and R. TAHVONEN,* JJ.

PER CURIAM. Plaintiff is a former tenant of defendant Evergreen Regency Cooperative. Defendant Management Systems, Inc., is Evergreen's rental agent. This case arises from a post-judgment garnishment action commenced by plaintiff against defendant Lexington Insurance Company

* Circuit judge, sitting on the Court of Appeals by assignment.

as Management Systems' professional liability insurer. Lexington appeals by leave granted from orders of the trial court denying its motion for summary judgment and motion to amend its pleadings to add certain policy defenses. We reverse and remand for entry of summary judgment in favor of Lexington.

The insurance policy upon which plaintiff seeks to collect was issued by Lexington to Management Systems on September 26, 1981, and was effective until September 26, 1982. It was a "claims made" policy, which limited coverage in accordance with the following clause, policy paragraph 1:

> To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as Damages resulting from any claim or claims first made against the Insured and reported to the Company during the Policy Period for any Wrongful Act of the Insured or of any other person for whose actions the Insured is legally responsible, but only if such Wrongful Act occurs during the Policy Period and solely in the conduct of the Insured's Profession as stated in Item 6 of the Declarations.

Under the heading "Exclusions," the policy stated:

> This policy does not apply:
>
> *  *  *
>
> b) to any claims arising out of (1) false arrest, detention or imprisonment; (2) libel, slander or defamation of character; (3) discrimination; (4) wrongful entry or eviction, or invasion of any right of privacy;
>
> c) to any claim arising out of bodily injury to, or sickness, disease or death of any person, or damage to or destruction of any property including the loss of use thereof.

On December 8, 1981, plaintiff returned to the apartment he rented from Evergreen and Management Systems and found his belongings had been put in the street. On February 4, 1982, he commenced a wrongful eviction action against Evergreen and Management systems seeking damages for the eviction, property loss, and personal injury. For unknown reasons, Management Systems did not notify Lexington of the claim until April 4, 1983, several months after the reporting period set forth in the policy had expired. Lexington responded with a letter denying the claim on the basis of "your late reporting of this law suit to us," apparently in reference to the following policy provision:

> The Insured shall, as a condition precedent to the availability of the rights provided under this policy, give written notice to the Company as soon as practicable of any claim made against the Insured. Notice given by or on behalf of the Insured to any authorized representative of the Company, with particulars sufficient to identify the Insured, shall be deemed notice to the Company.

On November 9, 1983, plaintiff obtained a $22,870.04 judgment against Evergreen and Management Systems. On December 15, 1983, he filed this garnishment action against Lexington. Lexington's answer denied liability on the basis that Management Systems' claim was not made within the policy period.

On June 4, 1984, Lexington sought to amend its pleadings to add as a defense that the policy specifically excluded liability for wrongful eviction, property damage, and personal injury. The trial court denied the motion, holding that the amendment would be futile because Lexington had waived all defenses not originally raised in its

denial letter to Management Systems, including the policy exclusion.

On August 15, 1984, Lexington moved for summary judgment pursuant to GCR 1963, 117.2(3), alleging that there was no issue of material fact because Management Systems did not make its claim within the policy period, as required by the policy. The court denied the motion, holding that the "claims made" defense had also been waived when it was not raised in the denial letter. The court ruled that the only defense raised in the letter was that Management Systems did not give the insurer timely notice, and denied summary judgment because the question of whether notice was timely is a factual issue.

The sole issue on appeal is whether the trial court erred in determining for purposes of both motions that Lexington had waived or was estopped from asserting defenses not raised in its denial letter, thus exposing the insurer to liability for coverage beyond the scope of its policy.

As a general rule, once an insurance company has denied coverage to an insured and stated its defenses, the company has waived or is estopped from raising new defenses. *Castner v The Farmers Mutual Fire Ins Co of Van Buren County,* 50 Mich 273; 15 NW 452 (1883); *Smith v Grange Mutual Fire Ins Co of Michigan,* 234 Mich 119; 208 NW 145 (1926). However, as noted in 1 ALR3d 1139, 1144;

> [T]he courts of most jurisdictions agree that [waiver and estoppel] are not available to broaden the coverage of a policy so as to protect the insured against risks not included therein or expressly excluded therefrom. The theory underlying this rule seems to be that the company should not be required by waiver and estoppel to pay a loss for which it charged no premium, and the princi-

ple has been announced in scores of cases involving almost every conceivable type of policy or coverage provision thereof.

Michigan recognized this limitation in *Ruddock v Detroit Life Ins Co,* 209 Mich 638; 117 NW 242 (1920). In *Ruddock,* the Court noted that cases where insurance companies have been estopped from raising new defenses have largely been instances where the company was trying to work a forfeiture of the contract by relying on breaches of conditions not raised earlier. Recognizing that the insurance company was not trying to forfeit the contract but instead was insisting on the terms of the contract, the *Ruddock* Court held:

> To apply the doctrine of estoppel and waiver here would make this contract of insurance cover a loss it never covered by its terms, to create a liability not created by the contract and never assumed by the defendant under the terms of the policy. In other words, by invoking the doctrine of estoppel and waiver it is sought to bring into existence a contract not made by the parties, to create a liability contrary to the express provisions of the contract the parties did not make. [*Ruddock, supra,* p 654.]

See also *Munro v Boston Ins Co,* 370 Mich 604; 122 NW2d 654 (1963), and *Henne v Glens Falls Ins Co,* 245 Mich 378; 222 NW 731 (1929).

The cases decided since *Ruddock* which have allowed estoppel or waiver to bring within coverage risks not covered by the policy terms or expressly excluded from the policy fall into two broad classes. The first class involves companies which have rejected claims of coverage and declined to defend their insureds in the underlying litigation. In these instances, the Court has held

that the insurance company cannot later raise issues that were or should have been raised in the underlying action. *Morrill v Gallagher,* 370 Mich 578; 122 NW2d 687 (1963); *Dickenson v Homerich,* 248 Mich 634; 227 NW 696 (1929). These cases are closely akin to the principle behind collateral estoppel and are clearly distinguishable from the instant case since none of Lexington's defenses involves issues that should have been tried in plaintiff's underlying wrongful eviction action.

The second class of cases allowing the limits of a policy to be expanded by estoppel or waiver despite the holding of *Ruddock* involves instances where the inequity of forcing the insurer to pay on a risk for which it never collected premiums is outweighed by the inequity suffered by the insured because of the insurance company's actions. The insurance company has either misrepresented the terms of the policy to the insured, see *Industro Motive Corp v Morris Agency, Inc,* 76 Mich App 390; 256 NW2d 607 (1977), and *Parmet Homes, Inc v Republic Ins Co,* 111 Mich App 140; 314 NW2d 453 (1981), lv den 415 Mich 851 (1982), or defended the insured without reserving the right to deny coverage, see *Meirthew v Last,* 376 Mich 33; 135 NW2d 353 (1965).

In the instant case, unlike in *Industro Motive, Parmet Homes,* or *Meirthew,* the inequity of placing Lexington in the position of being liable for a claim outside the scope of its policy is *not* outweighed by any prejudice to plaintiff or Management Systems. Management Systems would have had to defend itself in plaintiff's wrongful eviction action whether Lexington asserted one or all three defenses in its denial letter. It was not prejudiced by Lexington's added defenses since Lexington never misled the insured to believe it had more coverage than it actually had and since the policy

clearly explains that it only covers claims made before the expiration date. Plaintiff's assertions that he was prejudiced because he would have sought recovery from the individual defendants, pursued a different theory of recovery, or settled without trial are unpersuasive. Plaintiff was free to discover the terms of the policy. It is unclear on what other theory of recovery plaintiff could have proceeded since the insurance policy excludes wrongful eviction, personal injury and property damage. Regardless of whether the plaintiff would have pursued his claim differently had he known more about Lexington's defenses, plaintiff's reliance on Lexington's denial letter was not justifiable, as required by equitable estoppel. The letter was sent to Management Systems, not plaintiff, and plaintiff was not a party to the insurance contract.

Based upon the above, we find that the equities in this case balance in favor of Lexington. Neither plaintiff nor Management Systems incurred any substantial prejudice which would justify forcing Lexington to pay off on a claim not covered by its policy. Accordingly, we apply the holding of *Ruddock,* and hold that the trial court erred as a matter of law in employing principles of waiver and estoppel to expand Management Systems' insurance coverage under its policy with Lexington. We therefore reverse both orders of the trial court and remand for entry of summary judgment in favor of defendant Lexington.

Reversed and remanded.