SMIT v STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY

Docket No. 159838. Submitted September 20, 1994, at Grand Rapids.
Decided December 5, 1994, at 9:15 A.M.

Ronald and Victoria Smit, judgment creditors of Dawn R. Sen-
neker, served on State Farm Mutual Automobile Insurance
Company, Senneker's no-fault insurer, a writ of garnishment
from the Kent Circuit Court, seeking to satisfy their judgment
against Senneker entered in their action for damages arising
out of the collision of the minivan Senneker was driving with
the motorcycle driven by Ronald Smit. At the time of the
accident, Senneker was making a delivery for her employer,
Country Town Floral. The plaintiffs brought their action
against Judy Kaechele, doing business as Country Town Floral,
and Senneker. The plaintiffs entered into a settlement with the
principal defendants and Farm Bureau Mutual Insurance Com-
pany, insurer of the minivan, in which Farm Bureau agreed to
pay $200,000 in exchange for dismissal of the complaint against
Judy Kaechele, Senneker agreed to entry of a judgment against
her in an amount that the court would determine would fairly
compensate the plaintiffs and to assign to plaintiffs her rights,
claims, and causes of action against State Farm, and the
plaintiffs agreed to enforce the judgment only against State
Farm. The court, Dennis B. Leiber, J., determined the total
damages to be $500,000 and entered judgment against Sen-
neker in the amount of $300,000. State Farm moved for sum-
mary disposition on the basis of a policy provision excluding
coverage while the insured was using a vehicle owned by the
employer of the insured, a basis raised neither in its original
letter of rejection of coverage nor in its garnishment disclosure.
The plaintiffs argued that State Farm was precluded from
raising the new basis for the denial of coverage and that the
original bases asserted by State Farm were not applicable
because they were not found in the policy in force at the time
of the accident. The court agreed, held that State Farm was

REFERENCES

Am Jur 2d, Automobile Insurance § 433; Insurance §§ 1665, 1789.

See ALR Index under Automobile Insurance; Excess Insurance.

estopped from raising the defense not raised in the initial denial of coverage, and granted summary disposition for the plaintiffs in the amount of $100,000, the policy limit of the State Farm policy. State Farm appealed.

The Court of Appeals *held:*

1. The general rule is that once an insurance company has denied coverage to an insured and stated its defenses, the company has waived or is estopped from raising new defenses. However, that rule will not be invoked where waiver or estoppel will result in broadening coverage to cover a loss the contract, by its own terms, never intended to cover, unless the insurer refuses to defend its insured and the late-raised defense involved an issue that was or should have been raised in the underlying litigation or unless the inequity of forcing the insurer to pay for a risk for which it never collected premiums is outweighed by the inequity suffered by the insured because of the insurer's actions.

2. State Farm's policy clearly never was intended to cover Senneker while she was driving a vehicle owned by her employer. Accordingly, State Farm's failure to raise that defense earlier would not preclude the raising of the defense later unless it was a defense it could or should have raised and litigated during a defense of Senneker or if the inequity suffered by Senneker by the failure to raise the defense earlier outweighed the inequity of State Farm having to provide coverage for a risk for which it had not been paid.

3. Neither of the exceptions apply in this case. Not only could State Farm not have raised the question of the asserted defense in any defense of Senneker, had it undertaken her defense, but also the first exception does not apply where, as here, there is a consent judgment in which factual issues are neither tried nor conceded. Further, Senneker was not prejudiced by State Farm's late assertion of a different basis for denial of coverage, and, thus, the second exception does not apply.

4. Because there is some question concerning ownership of the minivan and, thus, a question whether Senneker was driving a vehicle owned by her employer, the case must be remanded for further development of the record.

5. Clearly, State Farm cannot rely on a policy exclusion that was not found in the policy in force at the time of the accident.

6. The fact that Farm Bureau settled for less than its policy limit does not preclude the plaintiffs from proceeding against State Farm.

Reversed and remanded.

1. Insurance — Waiver — Estoppel.

 The doctrines of waiver and estoppel should not be applied to expand an insurance policy to create a liability not created by the contract or cover a risk expressly excluded by the policy except where the company rejected a claim of coverage and declined to defend its insured in the underlying litigation and later raised issues that were or should have been raised in the underlying action or where the inequity of forcing the insurer to pay on a risk for which it never collected premiums is outweighed by the inequity suffered by the insured because of the insurance company's actions.

2. Insurance — Automobiles — Primary Insurer — Excess Insurer.

 It is not necessary to exhaust the limits of an insurance policy issued by a primary insurer in order to proceed against an insurer providing excess insurance coverage.

*Linsey, Strain & Worsfold, P.C.* (by *William D. Howard*), for the plaintiffs.

*Cholette, Perkins & Buchanan* (by *Robert E. Attmore*), for the garnishee defendant.

Before: Reilly, P.J., and Taylor and M. E. Kobza,* JJ.

Reilly, P.J. Garnishee-defendant State Farm Mutual Automobile Insurance Company appeals as of right a circuit court order granting summary disposition in favor of plaintiffs. We reverse and remand.

Plaintiff Ronald Smit was injured on August 17, 1990, when a minivan driven by defendant Dawn Senneker struck the motorcycle he was driving. Senneker was making a delivery for her employer, Country Town Floral, owned by defendant Judy Kaechele or her husband, Tom Kaechele. After plaintiffs initiated the present action, Senneker's no-fault carrier, State Farm Mutual Automobile

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

Insurance Company, denied liability in a letter to plaintiffs' counsel dated June 14, 1991, on the basis of two policy provisions.

On July 24, 1991, plaintiffs, the principal defendants, and Farm Bureau Mutual Insurance Company, Kaechele's insurer, stipulated the entry of a number of orders reflecting their settlement agreement. Farm Bureau agreed to pay $200,000 in exchange for the dismissal of the complaint against Judy Kaechele, doing business as Country Town Floral, with prejudice. Senneker stipulated the entry of a judgment against her "in such sum as the court determines fully and fairly compensates the plaintiffs for their injuries and damages." In addition, Senneker assigned to plaintiffs her rights, claims, and causes of action against State Farm. Plaintiffs agreed to enforce the judgment against only State Farm. The court assessed plaintiffs' damages at $500,000 and, subtracting the amount paid by Farm Bureau, entered judgment against Senneker in the amount of $300,000. The judgment specified that it could be enforced by plaintiffs against State Farm only.[1]

On September 20, 1991, plaintiffs secured issuance of a writ of garnishment directed to State Farm. The garnishment disclosure filed on October 30, 1991, by State Farm stated that the policy did not provide coverage.[2]

[1] We are aware of the possibility of collusion between a plaintiff, the person responsible for the injury, and the primary insurer in similar circumstances. Here, there is no allegation of collusion or fraud, so we need not address the problem.

[2] According to the disclosure, the vehicle

was not eligible for non-owned coverage under the State Farm policy because said vehicle was available for the regular and frequent use of Dawn Renee Senneker, further said vehicle was a van and not a private passenger automobile and therefore, excluded under the terms of the State Farm policy and further said vehicle was used in a business, also excluded under gar-

On July 17, 1992, State Farm moved for summary disposition pursuant to MCR 2.116(C)(10), again contending that the policy provided no coverage for the accident. The exclusion in the policy upon which State Farm relied in its motion was different from those previously asserted in the letter to plaintiffs' counsel and the garnishment disclosure. In its motion, State Farm asserted that an endorsement to the policy, 6025U, also referred to as 6025H, contained the following provision that excluded coverage for this loss:

> 4. For the operation, maintenance or use of any vehicle
> a. Owned by or registered or leased in the name of:
>
> * * *
>
> (4) An employer of you, your spouse or any relative.

In response to State Farm's motion, plaintiffs argued in part that State Farm was precluded from asserting exclusions other than those identified in the June 14, 1991, letter in which coverage was denied.

At the hearing on the motion, State Farm's counsel indicated to the court that coverage was denied initially on the basis of the wrong policy and that the applicable policy contained the provision upon which State Farm now sought to rely. The court denied State Farm's motion without prejudice, indicating that it was "somewhat per-

nishee defendant's policy. Garnishee-defendant is further informed and believes that the policy of insurance issued by Farm Bureau Insurance Company to Judy Kaechele, d/b/a Country Town and Floral made a settlement payment to Ronald and Victoria Smit in an amount less than the policy limits provided for in said policy of insurance [and] for that reason, even if the State Farm insurance policy applied to this claim there would be no liability under said policy.

suaded" by plaintiffs' argument that State Farm's defenses were limited to those raised in the letter denying coverage, but wanted to provide State Farm's counsel an opportunity to respond to the argument.

Plaintiffs subsequently moved for summary disposition pursuant to MCR 2.116(C)(9) and (10). Plaintiffs reiterated their argument that State Farm was precluded from raising exclusions other than those in the denial letter. Plaintiffs further argued that both of the defenses originally asserted by State Farm were not applicable because they were based on provisions of a policy that State Farm had conceded was not in effect at the time of the accident.

The trial court granted plaintiffs' motion for summary disposition. The court referred to the general rule indicated in cases cited by plaintiffs that "insurance companies would be held to waive all defenses not raised in their initial denial of coverage." Accordingly, the court held that State Farm was "estopped" from raising defenses not raised in the initial denial of coverage. The court also rejected State Farm's position, as asserted in the original denial of coverage, that the vehicle was not a private passenger vehicle. The court ordered judgment in favor of plaintiffs in the amount of $100,000, which was State Farm's policy limit, "plus costs, statutory attorneys fees, and interest."

State Farm contends that the trial court erred in determining that State Farm was limited to the defenses raised in the letter denying liability. We agree.

In *Lee v Evergreen Regency Cooperative,* 151 Mich App 281; 390 NW2d 183 (1986), this Court explained the principles of law applicable in this case. The general rule is that once an insurance

company has denied coverage to an insured and stated its defenses, the company has waived or is estopped from raising new defenses. *Id.* at 285. However, as noted in *Lee,* the Supreme Court limited the application of waiver and estoppel in *Ruddock v Detroit Life Ins Co,* 209 Mich 638; 117 NW 242 (1920). In that case, the Court explained that the cases applying the "doctrine of waiver and estoppel"[3] had primarily been ones that involved the insurer's assertion that the contract had been forfeited because of noncompliance with conditions of the contract. The Court distinguished those cases and held that waiver and estoppel are not available where their application would result in broadening the coverage of a policy, such that it would "cover a loss it never covered by its terms . . . [and] create a liability contrary to the express provisions of the contract the parties did make." *Id.* at 654.[4]

The limitation on the application of waiver and estoppel discussed in *Ruddock* has not been applied without exception.[5] In *Lee* at 287, this Court identified two classes of cases decided since *Ruddock* in which estoppel or waiver was applied to bring within coverage risks not covered by policy terms or expressly excluded from the policy:

The first class involves companies which have

---

[3] Although the terms are often used interchangeably, the doctrines of waiver and estoppel are distinct. See 16B Appleman, Insurance Law & Practice, § 9081, p 488. In recognition of the difference, we will use the plural form of "doctrine" when referring to both waiver and estoppel.

[4] We note that the quotation from *Ruddock* as it appears in *Lee* erroneously includes "not" in the phrase "the contract the parties did not make." *Lee* at 286.

[5] See *Sanborn v Income Guaranty Co,* 244 Mich 99; 221 NW 162 (1928), in which the Court agreed with the circuit court that the insurer's defense was limited to the one raised in the letter to the beneficiary's attorney, although the holding effectively broadened the coverage of the policy, contrary to *Ruddock.*

rejected claims of coverage and declined to defend their insureds in the underlying litigation. In these instances, the Court has held that the insurance company cannot later raise issues that were or should have been raised in the underlying litigation. *Morrill v Gallagher,* 370 Mich 578; 122 NW2d 687 (1963); *Dickenson v Homerich,* 248 Mich 634; 227 NW 696 (1929). These cases are closely akin to the principle behind collateral estoppel . . . .

The second class of cases allowing the limits of a policy to be expanded by estoppel or waiver despite the holding of *Ruddock* involves instances where the inequity of forcing the insurer to pay on a risk for which it never collected premiums is outweighed by the inequity suffered by the insured because of the insurance company's actions.

In this case, application of the doctrines of waiver and estoppel has the possible effect of broadening coverage of the policy. In granting plaintiffs' motion for summary disposition, the trial court referred to the general rule discussed above and held that State Farm was estopped from raising defenses not raised in its initial denial of coverage. The court's ruling precluded State Farm from its attempt to establish that a particular exclusion regarding vehicles owned by an employer applied to this loss. Therefore, if State Farm was correct that the exclusion applied, waiver or estoppel was used to effectively reform the policy to "cover a loss it never covered by its terms . . . [and] create a liability contrary to the express provisions of the contract the parties did make" in violation of the *Ruddock* limitation.

This case does not belong in the first class of cases identified in *Lee,* because State Farm is not attempting to now raise an issue that was or should have been litigated in the underlying action. As in *Lee,* State Farm is attempting to estab-

lish here that coverage of the loss is excluded from the terms of the policy because of the circumstances of the accident. Although evidence pertaining to the ownership of the vehicle and the employment relationship might have been introduced in a trial of the underlying action, the evidence would have been presented by plaintiffs in their claim against Judy Kaechele, doing business as Country Town Floral, or by Kaechele in her defense. The evidence would not have been relevant to Senneker's liability as the driver or the validity of any judgment rendered against her. See, for example, *Morrill, supra.* Any attorney for State Farm representing Senneker in the underlying action might have faced a charge of conflict of interest if an attempt had been made to introduce evidence of the employment relationship between Senneker and the owner of the minivan. The employment relationship, if proven, would not be a valid defense to the claim against Senneker, but it might exclude coverage for her, which would be against her interests. Therefore, we believe the trial court erred in ruling that this case belongs in the first class of cases identified in *Lee.*

Furthermore, unlike the present case, those included in *Lee's* first class do not involve a consent judgment. According to *Lee* at 287, "[t]hese cases are closely akin to the principle behind collateral estoppel," but that principle does not apply to consent judgments where factual issues are neither tried nor conceded. See *Van Pembrook v Zero Mfg Co,* 146 Mich App 87, 102-103; 380 NW2d 60 (1985).

The present case also does not belong in the second class of cases. In the second class of case in which waiver or estoppel is applied to extend coverage to losses not within the terms of the policy, the inequity to the insurer that will result

from broadening the policy coverage is outweighed by the inequity suffered by the insured. *Lee* at 287. As examples of cases falling in the second category, *Lee* cites situations in which the insurance company misrepresented the terms of the policy to the insured or defended the insured without reserving the right to deny coverage.

Plaintiffs have not argued that the insured would suffer any inequity if State Farm is allowed to establish the exclusion. Instead, plaintiffs contend that they were "extremely prejudiced" by State Farm's actions and, apparently, are suggesting that the prejudice to them should be considered in order to determine whether this case belongs in the second class of cases. We disagree.

Plaintiffs' right to recover depends on their status as assignees and as garnishors, both of which require a showing that Senneker would have been entitled to recover against State Farm. In their status as judgment creditors, plaintiffs are entitled to recover against the garnishee-defendant, State Farm, only to the extent that the principal defendant, Senneker, could recover against State Farm. *Poelman v Payne,* 332 Mich 597, 600; 52 NW2d 229 (1952). Similarly, the assignment of Senneker's rights under the State Farm policy allows plaintiffs to claim the benefit of the waiver and estoppel doctrines, but only to the extent that Senneker herself would be entitled to do so. Accordingly, the proper focus is whether Senneker could have established the inequity necessary to outweigh "the inequity of forcing the insurer to pay for a risk for which it never collected premiums."[6]

We conclude that Senneker was not prejudiced

---

[6] In describing the second class of cases, *Lee* at 287 refers to "the inequity suffered by the insured." However, the analysis that follows discusses the plaintiff-garnishor's assertions that he was prejudiced and concludes that the arguments were inadequate to apply equitable estoppel. To the extent that this discussion in *Lee* suggests that

by State Farm's belated assertion of a different provision purportedly excluding coverage. This case is distinguishable from *Industro Motive Corp v Morris Agency, Inc,* 76 Mich App 390; 256 NW2d 607 (1977), where the plaintiff, before a loss, acted in reliance on misrepresentations concerning the terms of a policy. In this case, if the exclusion is applicable to the loss, Senneker is in no worse position than she was when coverage was initially denied. Unlike the plaintiff in *Industro Motive,* Senneker did not rely on the statements of the insurer to her detriment.

This case is also distinguishable from those in *Lee*'s second class of cases in which the insurer defended the insured while having knowledge of facts that would allow avoidance of liability to the insured, but did not provide reasonable notice of the possible disclaimer to the insured. *Allstate Ins Co v Keillor (On Remand),* 203 Mich App 36, 38; 511 NW2d 702 (1993); *Meirthew v Last,* 376 Mich 33; 135 NW2d 353 (1965); *Multi-States Transport, Inc v Mich Mutual Ins Co,* 154 Mich App 549; 398 NW2d 462 (1986). In that type of case, actual prejudice is not required for the application of estoppel. Instead, a presumption of prejudice arises that, if unrebutted, will establish prejudice as a matter of law. *Id.* at 556. No such presumption of prejudice is applicable in the case before us.

In summary, we conclude that the trial court erred in holding that estoppel or waiver precluded State Farm from establishing that the loss was excluded under the terms of the insurance policy. Because of the trial court's ruling on that issue, it did not decide whether the vehicle was in fact

prejudice to the plaintiff-garnishor, who is neither the insured nor the insured's assignee, is relevant in determining the plaintiff-garnishor's right to claim waiver or estoppel in his own right and thereby recover in a garnishment proceeding against the principal defendant's insurance company, we disagree.

owned by Senneker's employer, thus making the exclusion applicable. Judy Kaechele did not contest the claim that she was the owner of Country Town Floral and the vehicle involved in the accident, yet the certificate of title for the vehicle is in the name "Thomas H. Kaechele d/b/a Country Town." Therefore, the record is not clear concerning whether the owner of the vehicle employed Senneker. As a general rule, this Court declines to consider an issue that was not decided by the trial court. *Allen v Keating,* 205 Mich App 560, 564; 517 NW2d 830 (1994). Therefore, we remand for further development of the record and a determination by the trial court or factfinder if necessary.

State Farm also contends that the trial court erred in determining that a policy exclusion pertaining to business use of nonowned private passenger vehicles did not apply to the loss. However, State Farm concedes that this provision did not exist in the policy in effect at the time of the loss. Instead, the provision was in the policy that State Farm originally and mistakenly asserted was applicable. Obviously, an exclusion that was not in the policy in effect at the time of the loss will not preclude coverage for the loss.

Lastly, State Farm argues that the trial court erred in determining that State Farm's excess coverage could be invoked where plaintiffs settled with the primary carrier for less than the primary carrier's policy limits. We agree with the trial court that it is not necessary to exhaust the limits of the primary policy insuring the owner in order to proceed with a claim for excess coverage available under a second policy insuring the driver.[7]

[7] We decline to follow *United States Fire Ins Co v Lay,* 577 F2d 421 (CA 7, 1978), as urged by State Farm, because *Lay* requires an "ultimate net loss" to the insured, not merely the legal liability required by State Farm's policy.

Such a claim is permitted where the judgment against the insured exceeds the limits of the primary policy. However, the excess insurer is not required to pay more than the limits of its policy to satisfy the amount of the judgment remaining to be paid after credit is given for the total amount of the primary insurance coverage. See *DAIIE v Joseph,* 67 Mich App 393; 241 NW2d 221 (1976); *Allstate Ins Co v Riverside Ins Co of America,* 509 F Supp 43 (ED Mich, 1981).

Reversed and remanded.