*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SPECKIN FORENSICS, LLC, also known as
SPECKIN FORENSIC LABORATORIES,

UNPUBLISHED
August 13, 2019

Plaintiff-Appellant,

v

No. 344012
Ingham Circuit Court
LC No. 17-000362-CB

AUTO-OWNERS INSURANCE COMPANY and
SOUTHERN-OWNERS INSURANCE
COMPANY,

Defendants-Appellees.

Before: CAVANAGH, P.J., and STEPHENS and O'BRIEN, JJ.

PER CURIAM.

Plaintiff, Speckin Forensics, LLC, appeals by right the trial court's order granting summary disposition to defendants, Auto-Owners Insurance Company and Southern-Owners Insurance Company, under MCR 2.116(I)(2) (opposing party entitled to summary disposition) on the basis that plaintiff was not a named insured under the insurance policies issued by defendants. We affirm.

## I. FACTUAL BACKGROUND

Speckin Forensic Laboratories, Inc. (the corporation), was incorporated in 1996 and was automatically dissolved in 2014. Plaintiff was organized as an LLC under the laws of Florida in January 2010. On February 18, 2010, "Speckin Forensic Laboratories" applied for insurance, checking the box labeled "CORPORATION" in the section regarding the business type. The applicant indicated that it began doing business in 1996. On the commercial general liability and businessowners policies that defendants issued, the named insured was stated to be "Speckin Forensic Laboratories" and was described as "ENTITY: Corporation." On the umbrella policy, the insured was "Speckin Forensic Laboratories." The umbrella policy referred to the businessowners policy as the scheduled underlying insurance.

In July 2016, plaintiff became involved in a lawsuit in Florida whereby it was alleged that plaintiff had been part of a conspiracy to collect and disseminate DNA. In September 2016,

defendants denied plaintiff's demand to be defended in the lawsuit because plaintiff's claims were excluded by the policies' professional services and criminal acts exclusions. In April 2017, another lawsuit was filed against plaintiff in Florida, alleging similar conduct. In August 2017, defendants denied plaintiff's demand to insure plaintiff in that action for the same reasons, as well as because the policies had been issued to a corporation but plaintiff was an LLC.

In May 2017, plaintiff filed a declaratory judgment action to determine whether it was insured under defendants' policies. Plaintiff moved for partial summary disposition under MCR 2.116(C)(9) and (10), alleging that there was no genuine issue of material fact regarding whether plaintiff was the named insured. Plaintiff also asserted that defendants should be estopped from denying coverage. The trial court granted summary disposition to defendants under MCR 2.116(I)(2), ruling that plaintiff was not the named insured and that estoppel was not warranted.

## II. STANDARDS OF REVIEW

"This Court reviews de novo a trial court's decision on a motion for summary disposition." *Bazzi v Sentinel Ins Co*, 502 Mich 390, 398; 919 NW2d 20 (2018). MCR 2.116(I)(2) provides, "If it appears to the court that the opposing party, rather than the moving party, is entitled to judgment, the court may render judgment in favor of the opposing party." This Court reviews de novo the proper interpretation of an unambiguous contract, as well as whether a contract's language is ambiguous. *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 463; 663 NW2d 447 (2003). This Court reviews de novo the legal effect of contractual provisions. *DeFrain v State Farm Mut Auto Ins Co*, 491 Mich 359, 366-367; 817 NW2d 504 (2012). We also review de novo the trial court's equitable decisions and will only reverse if we are convinced that we would have reached a different result than the trial court. *Casey v Auto Owners Ins Co*, 273 Mich App 388, 394; 729 NW2d 277 (2006).

## III. NAMED INSURED

Plaintiff argues that the insurance policies named plaintiff as an insured rather than its predecessor corporation. We disagree. The policies unambiguously indicate that the insured is a corporation that was founded in 1996, and this information applies only to the corporation, not to plaintiff.

An insurance policy is a contract subject to the principles of contractual interpretation. *DeFrain*, 491 Mich at 367. The goal of contractual interpretation is to honor the parties' intent and to enforce the contract's plain terms. *Davis v LaFontaine Motors, Inc*, 271 Mich App 68, 73; 719 NW2d 890 (2006). If no reasonable person could dispute the meaning of the contract's plain language, this Court must enforce that language as written. *Rory v Continental Ins Co*, 473 Mich 457, 468; 703 NW2d 23 (2005). If the contract's language is unambiguous, this Court interprets the contract as a matter of law. *Klapp*, 468 Mich at 469 (citation omitted).

A contract is ambiguous if its terms are "equally susceptible to more than a single meaning." *Barton-Spencer v Farm Bureau Life Ins Co of Mich*, 500 Mich 32, 40; 892 NW2d 794 (2017). A contract is also ambiguous if its provisions irreconcilably conflict with each other. *Klapp*, 468 Mich at 467. This Court will only hold that a contract is ambiguous as a

matter of last resort. *Kendzierski v Macomb Co*, ___ Mich ___, ___; ___ NW2d ___ (2019) (Docket No. 156086); slip op at 11 (citation omitted).

When construing the contract, it is not equally likely that the policies refer to plaintiff—an LLC—as it is that they refer to the corporation.

"The policy application, declarations page of policy, and the policy itself construed together constitute the contract." *Royal Prop Group, LLC v Prime Ins Syndicate, Inc*, 267 Mich App 708, 715; 706 NW2d 426 (2005). In this case, the application was for a corporation that began doing business in 1996. Speckin Forensic Laboratories, Inc., was a corporation that began doing business in 1996. In contrast, Speckin Forensics, LLC, was an LLC that began doing business in 2010. The policies were issued to "Speckin Forensic Laboratories," which was described as a corporate entity. Accordingly, the policies are unambiguous that the corporation was the named insured, not plaintiff.

Plaintiff argues that the information in the policies concerning the type of research, testing, payroll amounts, exclusions, and limitations referred to plaintiff, not its predecessor. Plaintiff additionally argues that defendants would not be prejudiced by substituting plaintiff as the named insured on the policy.

This Court may only consider extrinsic evidence to determine the intent of the parties if the contract is ambiguous. *Kendzierski*, ___ Mich at ___; slip op at 10. "[A] lack of prejudice is not among the traditional defenses to the enforcement of a contract provision." *DeFrain*, 491 Mich at 373. It is irrelevant whether prejudice results from requiring parties to comply with contractual provisions. *Id*. at 376.

Even presuming that plaintiff has provided factual support for its argument that the information refers to plaintiff rather than the corporation, we will not consider extrinsic evidence where the contract unambiguously names the corporation as the insured. Additionally, whether defendants would be prejudiced by insuring plaintiff instead of the corporation cannot affect the enforcement of the policies' provisions, including the provision that the policies only cover the named insured.

We conclude that the trial court properly granted summary disposition on the basis that plaintiff was not the named insured under the policies.

IV. ESTOPPEL

First, plaintiff argues that defendants should be estopped from denying coverage because defendants knew or should have known that plaintiff, not the corporation, was the entity that

plaintiff wished to insure.[1]  We reject plaintiff's argument because binding Michigan precedent holds that the parties' expectations are irrelevant to an unambiguous contract.

"The rule of reasonable expectations clearly has no application to unambiguous contracts." *Wilkie v Auto-Owners Ins Co*, 469 Mich 41, 60; 664 NW2d 776 (2003).  Because the policies are unambiguous, under Michigan law, plaintiff's expectations are irrelevant.

Second, plaintiff argues that trial court should have estopped defendants from raising their named-insured defense because they did not raise this defense in their September 16, 2016 denial letter, despite knowing that plaintiff had become an LLC.  We disagree.  No exception applies under which estoppel could be used to broaden the terms of defendants' policies.

With two exceptions, estoppel may not be applied where doing so would require the insurance company to cover a loss that would not be covered by the terms of the policy.  *Smit v State Farm Mut Auto Ins Co*, 207 Mich App 674, 680; 525 NW2d 528 (1994).  One exception applies "where the inequity of forcing the insurer to pay on a risk for which it never collected premiums is outweighed by the inequity suffered by the insured because of the insurance company's actions."  *Id*. at 681 (quotation marks and citation omitted).[2]  This Court has previously held that there was no unreasonable delay in asserting an additional reason to avoid coverage in an action for a declaratory judgment in which about a year had passed.  See *Allstate Ins Co v Keillor*, 203 Mich App 36, 38-39; 511 NW2d 702 (1993), aff'd 450 Mich 412 (1995).

In this case, defendants' delay does not tip the balance of equities in plaintiff's favor. The first Florida lawsuit was filed against plaintiff in July 2016.  Defendants denied plaintiff's demand that defendants defend it in September 2016 on the basis of contractual exclusions.  In April 2017, a second lawsuit was filed against plaintiff.  Plaintiff filed this declaratory judgment action in May 2017.  Defendants denied plaintiff's request for coverage in the second lawsuit on the basis that the policies covered a corporation but plaintiff was an LLC.  We conclude that defendants' delay does not render it more equitable for defendants to provide coverage for risks that defendants did not assume.

---

[1] We reject defendants' argument that plaintiff has waived its argument by failing to address the basis of the trial court's decision.  We have reviewed the trial court's decision and conclude that plaintiff adequately addresses it.

[2] The other exception applies when the insurance company refused to defend an insured in underlying litigation, and it precludes the insurance company from raising issues in a case between the insurer and the insured that could have been raised in the underlying litigation. *Smit*, 207 Mich App at 680-681.  This exception does not apply in this case because defendants do not seek to avoid coverage on the basis of a defense in the underlying Florida lawsuits.

Accordingly, the trial court did not err by declining to estop defendants from asserting that plaintiff was not the named insured under the policies.[3]

## V. MUTUAL MISTAKE

Finally, plaintiff argues that the trial court should have reformed the contract to reflect that plaintiff was the named insured on the basis of a mutual mistake. We conclude that plaintiff has not shown a mutual mistake of fact.

A court sitting in equity may reform a contract to conform to the agreement the parties actually made. *Casey*, 273 Mich App at 398 (citation omitted). "To obtain reformation, a plaintiff must prove a mutual mistake of fact, or mistake on one side and fraud on the other, by clear and convincing evidence." *Id*. Neither a unilateral mistake of fact nor a mistake about the legal effect of an agreement warrants reformation. *Id*.

In this case, there is no evidence that either plaintiff or defendants were mistaken about whom the policies were issued to. The applicant specifically sought insurance for a corporation founded in 1996, and the policies were issued to "Speckin Forensic Laboratories," which was a "Corporation." Even if defendants were aware of plaintiff's existence, there is no evidence that defendants mistakenly issued the policies to the corporation rather than to plaintiff. The applicant specifically sought coverage for the corporation. Plaintiff has at best shown that it was mistaken in believing that the policies would cover plaintiff after the corporation stopped doing business, but a mistake about the legal effect of an agreement is not sufficient to warrant reforming a contract.

Affirmed. As the prevailing parties, defendants are entitled to costs under MCR 7.219(A).

/s/ Mark J. Cavanagh
/s/ Cynthia Diane Stephens
/s/ Colleen A. O'Brien

---

[3] We decline to consider plaintiff's argument that defendants should be estopped from denying coverage because they did not act to cancel the policies insuring the corporation. Even had defendants acted to cancel the policies, this would not warrant reversing the trial court's decision because a cancellation of the corporation's policies would not have provided coverage to plaintiff. See *Titan Ins Co v Hyten*, 491 Mich 547, 567; 817 NW2d 562 (2012) (stating that cancellation only terminates a policy as of the date of cancellation). Therefore, refusing to set aside the trial court's order on this basis would not be inconsistent with substantial justice. See MCR 2.613(A).